IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

MICHAEL MILLER
Appellant,

v.

COUNTY OF LANCASTER, ET. AL.,
Appellees.

Civ. No: 25-2570

(DC case: 5:24-cv-05338)

## CONCISE SUMMARY OF THE CASE

**SHORT CAPTION:** Michael Miller v. County of Lancaster, et al.
**USCA NO.:** 25-2570
**LOWER COURT or AGENCY and DOCKET NUMBER:** U.S. District Court for the Eastern District of Pennsylvania, No. 5:24-cv-05338
**NAME OF JUDGE:** Hon. Joseph F. Leeson, Jr.

---

**Nature of Action; Parties; Relief Sought; Judgment Appealed From:**
This is a civil rights action under 42 U.S.C. § 1983 and the Pennsylvania Constitution challenging restrictions on public-records access, retaliation for protected petitioning, and related First and Fourteenth Amendment violations. Plaintiff Michael Miller, pro se, sued Lancaster County and five county officials in their official and individual capacities. Relief sought included declaratory and injunctive relief, nominal and compensatory damages, and attorney's fees.

On Nov. 20, 2024, all six defendants, through one counsel, filed a single omnibus motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) on a facial basis, challenging subject-matter jurisdiction and merits in the same counts and without individualized standing analysis. Under *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977), a facial 12(b)(1) challenge assumes all allegations as true and may not weigh evidence, and under *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998), jurisdiction must be decided before merits. By combining the two for all defendants and claims, the motion was legally deficient and set up the jurisdiction-merits commingling that occurred below.

On Mar. 7, 2025 (ECF 35–36), the district court granted that omnibus motion in part, dismissing certain federal counts for lack of jurisdiction and on the merits in the same order, dismissing others without prejudice, and setting an amendment deadline. State-law counts were left pending. Subsequent orders (ECF 55, 60, 63) stayed proceedings, refused to adjudicate pending motions, imposed amendment deadlines, and mischaracterized Plaintiff's filings as "motions for reconsideration" or "not motions." On Aug. 8, 2025 (ECF 70–73), Plaintiff unequivocally

1

waived amendment and elected to stand on the dismissed claims, curing any *Weber/Borelli* finality gap. This appeal is from the Mar. 7 order and all interlocutory and procedural orders merged therein.

**Orders Involved in this Appeal:**
- Memorandum Opinion (ECF 35) and Order (ECF 36) of Mar. 7, 2025
- Order of Mar. 28, 2025 (ECF 55) dismissing all pending motions and staying case
- Order of July 15, 2025 (ECF 60) lifting stay, imposing amendment deadline, refusing to revive motions
- Order of July 24, 2025 (ECF 63) denying substantive adjudication by re-labeling filings
- Order of December 19, 2024 (ECF 29) regarding selective judicial notice of material outside the complaint.

**Factual and Procedural Background:**
The First Amended Complaint alleged facial constitutional violations. Defendants' omnibus motion was facial but — contrary to *Mortensen* — introduced extrinsic facts, made no defendant-by-defendant standing analysis, and challenged both jurisdiction and merits in the same counts. In opposing it, Plaintiff filed a Motion to Strike (ECF 24) and a Motion for Judicial Notice (ECF 27, 27-1) to enforce the procedural limits on facial Rule 12(b)(1) and 12(b)(6) review. On Dec. 19, 2024 (ECF 29), the court denied judicial notice yet stated it "can and will" take notice of other court dockets when "appropriate," without applying Rule 12(b)(6) or *Mortensen* constraints — reflecting the same procedural disregard later evident in the Mar. 7 memorandum.

That memorandum compounded the defects by: treating the facial 12(b)(1) as a factual attack and rejecting pleaded facts without hearing; deciding merits under 12(b)(6) after disclaiming jurisdiction on the same claims (*Steel Co.*); applying no meaningful *Iqbal/Twombly/Fowler* analysis; dismissing as untimely without identifying dates or construing facts in Plaintiff's favor (*Schmidt v. Skolas*); declaring restrictions "reasonable" without prior-restraint analysis (*Pleasant Grove City v. Summum*); omitting retaliation analysis (*Lauren W. v. DeFlaminis*); omitting *Mathews* due-process balancing; and narrowing claims without addressing all elements (*Microsoft*; *Zelman*).

After the Third Circuit dismissed a prior appeal (25-1423) for lack of finality, Plaintiff sought rulings on deferred motions and renewed recusal and jurisdictional objections. Orders 60 and 63 refused merits rulings, recharacterized filings to avoid review, and enforced an arbitrary amendment deadline. From July 24 to the Aug. 12 notice of appeal, the court remained silent on multiple jurisdictional and bias objections. Plaintiff had also raised Judge Leeson's conduct to the Judicial Council, which dismissed as "merits-related" and stated such issues could be addressed on appeal; Plaintiff raises them here.

**Issues to be Raised on Appeal:**
1. Whether the district court violated *Steel Co.* and *Mortensen* by deciding merits under Rule 12(b)(6) after disclaiming jurisdiction under Rule 12(b)(1) on the same facial claims.

2. Whether an omnibus facial 12(b)(1)/(6) motion for all defendants and claims, without individualized standing analysis, is legally deficient under *Mortensen* and Rule 12.
3. Whether the court improperly treated a facial 12(b)(1) motion as a factual attack, making findings and rejecting pleaded facts without an evidentiary hearing.
4. Whether the court failed to apply the proper *Iqbal/Twombly/Fowler* plausibility standard and improperly labeled allegations "conclusory."
5. Whether dismissing as time-barred without construing facts in Plaintiff's favor violated *Schmidt v. Skolas*.
6. Whether dismissing speech-based claims without prior-restraint analysis violated *Pleasant Grove City v. Summum*.
7. Whether the omission of retaliation analysis violated *Lauren W. v. DeFlaminis*.
8. Whether the omission of *Mathews v. Eldridge* due-process balancing constituted legal error.
9. Whether dismissing claims as redundant without analyzing prejudice or harm violated *Microsoft Corp. v. i4i Ltd. P'ship*.
10. Whether mischaracterizing filings to avoid review violated Article III's duty to decide cases.
11. Whether the court's handling of recusal and selective jurisdiction created an appearance of partiality and self-protective docket management under 28 U.S.C. § 455(a).
12. Whether procedural manipulation, including coercive amendment deadlines and prolonged silence, constituted structural due process error.
13. Whether narrowing Count XI without addressing all First and Fourteenth Amendment components violated *Zelman v. Simmons-Harris*.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
August 14, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

*Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

Dated: August 14, 2025