IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br><br>Appellant,<br><br>v.<br><br><br><br>COUNTY OF LANCASTER, ET. AL.,<br><br>Appellees. | Civ. No: 25-2570<br><br>(DC case: 5:24-cv-05338) |

# MOTION FOR RECUSAL AND REASSIGNMENT

# PURSUANT TO 28 U.S.C. § 455(a)

Appellant Michael Miller respectfully moves that this appeal be reassigned to a new panel for all further proceedings, including threshold jurisdictional review and disposition on the merits. This motion is filed concurrently with the Notice of Appeal to ensure that panel assignment in this appeal is determined before any review occurs. The appeal challenges jurisdictional and structural defects preserved in the district court record.

**I. Authority**

Under 28 U.S.C. § 455(a), "[a]ny… judge… shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Reassignment is appropriate to preserve the integrity of appellate review where the

1

same panel has already ruled on identical factual and legal questions in a related case, particularly when that prior ruling is itself challenged as unlawful and contrary to binding Supreme Court and Third Circuit authority.

**II. Grounds for Relief**

1. **Newly Filed District Court Action Confirming Structural Conflict**

    On August 12, 2025, Plaintiff filed *Miller v. Judicial Council of the United States Court of Appeals for the Third Circuit, et al.*, No. 5:25-cv-04633 (E.D. Pa.), challenging as *ultra vires* and unconstitutional the Judicial Council's orders of February 26, May 13, and June 27, 2025. Those orders were issued by members of the Council in their official administrative capacities — including judges institutionally aligned with this panel. The pendency of that case further confirms an entrenched, ongoing structural conflict: the same judicial actors whose orders are under direct constitutional challenge cannot, consistent with 28 U.S.C. § 455(a) or § 455(b)(5)(i), adjudicate an appeal involving the same litigant, overlapping issues, and the same contested jurisdictional methods.

2. **Prior Panel Involvement in Related Appeal**

    In *Miller v. County of Lancaster, et al.*, Appeal No. 24-2934 — involving the same Appellant, overlapping parties, and an identical jurisdictional posture — the same panel summarily affirmed district court orders that

violated *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) (requiring jurisdiction before merits) and *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977) (barring adverse factfinding on a facial Rule 12(b)(1) challenge).

3. **Identical Defect in the Present Appeal**

   Here, as in No. 24-2934, the underlying orders dismissed claims under both Rule 12(b)(1) and Rule 12(b)(6) in a single ruling on a facial challenge, without applying the controlling standards. This appeal arises from the same jurisdictional-sequencing defect — preserved in ECF 36 — and presents the same legal issue. Review by the same panel would require it to determine the validity of its own prior handling of the identical question, creating an appearance of partiality prohibited by 28 U.S.C. § 455(a).

4. **Entrenched "Rule by Ipse Dixit" Method**

   In No. 24-2934, the panel repeatedly resolved dispositive issues through bare, unsupported conclusions that omitted record findings, legal analysis, or engagement with precedent — a "rule by ipse dixit" method documented in the pending Rule 40 petition and prior recusal motion. That approach is incompatible with neutral adjudication and raises a reasonable question whether the same panel could impartially decide identical issues here.

5. **Recurring Structural Defects**

   Both appeals also preserve:

   - Improper abstention under the Declaratory Judgment Act without a parallel state proceeding, contrary to *Zwickler v. Koota*, 389 U.S. 241 (1967), and *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013); and

   - Failure to conduct mandatory de novo review under 28 U.S.C. § 636(b)(1) and *EEOC v. City of Long Branch*, 866 F.3d 93 (3d Cir. 2017).

   These repeated jurisdictional and structural violations make reassignment essential to preserve both the appearance and the reality of impartial adjudication.

6. **DECLARATION OF PLAINTIFF IN SUPPORT OF MOTION FOR RECUSAL AND REASSIGNMENT**

I, Michael Miller, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1. I am the Appellant in this appeal and the Appellant in *Miller v. County of Lancaster, et al.*, Appeal No. 24-2934, currently pending before this Court.

2. On August 12, 2025, I filed *Miller v. Judicial Council of the United States Court of Appeals for the Third Circuit, et al.*, Civ. No. [EDPA docket number pending], in the Eastern District of Pennsylvania. That action seeks

declaratory and injunctive relief against the Judicial Council and two of its sitting members — Judges Thomas M. Hardiman and Patty Shwartz — in their official administrative capacities.

3. The EDPA action challenges the Judicial Council's June 27, 2025 order restricting my ability to file judicial misconduct complaints under 28 U.S.C. §§ 351–354. This restriction:

   a. Was issued without statutory authority or the predicate findings required by the Judicial Conduct and Disability Rules;

   b. Was imposed while I had active judicial misconduct complaints arising from the handling of my appeals in this Court; and

   c. Directly affects my ability to seek oversight of the panel's conduct in Appeal No. 24-2934.

4. The same panel presently assigned in 24-2934 summarily affirmed the dismissal of my facial constitutional claims in a manner that:

   a. Applied both Rule 12(b)(1) and Rule 12(b)(6) to the same counts on a facial challenge;

   b. Did so without applying the controlling standards of *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), and *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977); and

   c. Adopted bare conclusions unsupported by record findings or precedent.

5. This appeal arises from the same procedural defect preserved in the Eastern District of Pennsylvania at ECF 36, and perfected for appeal through my election to stand on the dismissed pleadings and waiver of amendment (ECF 70, 73, 68, 71), thereby invoking *Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019), and *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976).

6. Reviewing this appeal would require the same panel to determine the lawfulness of its own prior handling of the identical jurisdictional-sequencing issue while the Judicial Council — the institutional body to which they belong — is a named defendant in active litigation involving those same events.

7. A reasonable person, fully informed of these facts, would conclude that the panel's impartiality might reasonably be questioned under 28 U.S.C. § 455(a), and that § 455(b)(5)(i) applies because the Judicial Council is a party to a proceeding whose outcome will directly affect its powers and orders.

I declare under penalty of perjury that the foregoing declaration is true and correct according to my knowledge and belief.

Executed on August 13, 2025.

*/s/ Michael Miller*

Michael Miller

## III. Relief Requested

Appellant respectfully requests that this appeal be reassigned to a new panel for all purposes, including jurisdictional screening, merits disposition, and any procedural orders, to preserve the appearance and reality of impartial adjudication.

This motion is without prejudice to Appellant's right to seek mandamus or certiorari should reassignment be denied, and is intended to preserve all appellate rights without waiver.

Respectfully submitted,<br>
<u>/s/ Michael Miller</u><br>
Michael Miller<br>
108 N. Reading Road, F, 246<br>
Ephrata, Pennsylvania 17522<br>
reaganfive@protonmail.com<br>
717-388-0163

Dated: August 13, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

*Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
Dated: August 13, 2025          reaganfive@protonmail.com