IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER,  :  <br>    Appellant,  : <br> : <br>v.  :  No. 25-2570 <br> : <br>COUNTY OF LANCASTER, *et al.*,  : <br>    Appellees.  : | |

### APPELLEES' BRIEF IN SUPPORT OF DISMISSAL DUE TO JURISDICTIONAL DEFECT

Appellees County of Lancaster, Tammy Bender, Jacqueline Pfursich, Joshua Parsons, Ray D'Agostino, and Christa Miller (together, "Appellees"), by and through their undersigned counsel, hereby respond to the letter docketed in this action on August 14, 2025 regarding dismissal of the above-captioned appeal for lack of appellate jurisdiction (Doc. No. 7).

Appellees agree that this Court lacks appellate jurisdiction. This is not a new phenomenon for purposes of this litigation. Indeed, *pro se* Appellant Michael Miller ("Miller") previously appealed the District Court's order on Appellees' motion to dismiss (*see Miller v. County of Lancaster, et al.*, No. 25-1423 (3d Cir.), Doc. No. 1), even though the District Court dismissed Miller's complaint with leave to amend as to certain claims and never entered a final judgment. *See Miller v. County of Lancaster, et al.*, No. 5:24-cv-5338, (E.D. Pa.), Doc. No. 36. On July 14, 2025, the Court dismissed Miller's prior appeal for lack of appellate jurisdiction and stated the following:

1

> This appeal is dismissed for lack of appellate jurisdiction. Appellant appeals from an order that dismissed some of his federal claims with prejudice but that dismissed his other federal claims without prejudice and with leave to further amend. The order also declined to dismiss appellant's state-law claims pending appellant's filing of a further amended complaint or his decision not to amend. The order thus is not a final decision over which we have jurisdiction under 28 U.S.C. § 1291. *See Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam); Fed. R. Civ. P. 54(b).

*Miller*, *supra*, No. 25-1423, at Doc. No. 34.

In response to this activity at the appellate level, the District Court lifted the stay that it previously entered and granted Miller thirty days (until August 14, 2025) to file a second amended complaint. *See Miller*, No. 5:24-cv-5338, (E.D. Pa.), Doc. No. 60. Rather than file an amended complaint, Miller filed a torrent of notices and motions with the District Court, including a second motion to recuse the presiding district judge. *See id.*, Doc. No. 65.[1] In those filings, Miller repeatedly stated that he did not intend to amend his complaint. Two days prior to

---

[1] Those motions and notices include the following: Doc. Nos. 62 ("motion for substantive adjudication of filings"), 64 ("Notice of Preservation and Clarification of Docket [Treatment]"), 65 (second motion for recusal), 66 (notice "preserving structural conflict and disqualification objections"), 67 (notice and "formal objection to void Rule 12(b) rulings entered without jurisdiction"), 68 ("motion for entry of final judgment under Fed. R. Civ. P. 58"), 69 ("notice of objection to entry of final judgment without ruling on pending motions"), 70 ("notice of intent not to amend and election to stand on dismissals"), 71 ("motion for entry of final judgment following clarification of ECF 70"), 72 (same motion as Doc. No. 71), and 73 ("clarification and supplement to notice of intent not to amend (ECF 70)").

his deadline to amend, on August 12, 2025, Miller filed the notice of appeal that created this docket.

Nothing has changed since this Court dismissed Miller's first appeal for lack of appellate jurisdiction, except that Miller's deadline to amend has passed. The district court still has not entered a final judgment. Miller has filed another improvident appeal of the District Court's order on Appellees' motion to dismiss, where that order gave Miller leave to amend as to certain claims and no final judgment has been entered. The subject order from the District Court is *still* not a final order that provides appellate jurisdiction in this Court. *See* Doc. No. 7 at 1; *see also, e.g.*, *Creamer v. Lynch*, No. 22-2174, 2022 WL 18028408, at *1 (3d Cir. Dec. 1, 2022) (dismissing appeal for lack of appellate jurisdiction and stating, in pertinent part, "[w]e have jurisdiction over final orders under 28 U.S.C. § 1291" and that "[f]or jurisdiction to attach under § 1291, there must be a District Court decision that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'" (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978))).

None of Miller's arguments to the contrary change this jurisdictional defect. *See* Doc. Nos. 8–9. Even if the Court finds that Miller has decided to "stand on his complaint," the District Court must first enter an order dismissing the action for this Court to have jurisdiction. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d

Cir. 2019) ("'If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.' . . . We reiterate that admonition today." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))).

In light of this indisputable jurisdictional defect that Miller continues to ignore even in the face of previous litigation on this exact issue, Appellees respectfully request that this Court dismiss the instant appeal for lack of appellate jurisdiction and reject any arguments from Miller to the contrary.[2]

Respectfully submitted,

MCNEES WALLACE & NURICK LLC

By: *Sarah H Staub*

Sarah Hyser-Staub, Esquire
Lauren Anthony, Esquire
100 Pine Street
P.O. Box 1166
Harrisburg, PA  17108-1166
(717) 237-5473
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

Date: August 28, 2025                *Counsel for Appellees*

---

[2] Appellees respectfully submit that if Miller genuinely desires to expedite this litigation, he could voluntarily discontinue this appeal and wait for the District Court to enter a final judgment, at which point the matter would become appealable.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all parties through the Court's Electronic Case Filing System.

*Sarah Hyser-Staub*

Sarah Hyser-Staub

*Counsel for Appellees*

Date: August 28, 2025