IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 25-2570<br><br>(DC case: 5:24-cv-05338) |

**MOTION TO VACATE AS VOID FOR FRAUD ON THE COURT**

Pursuant to Fed. R. Civ. P. 60(d)(3), *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and *Herring v. United States*, 424 F.3d 384 (3d Cir. 2005)

## I. INTRODUCTION

Appellant respectfully moves this Court to vacate proceedings in Appeal No. 25-2570 as void for fraud on the court. The misconduct here is not ordinary error. It is intentional misconduct by officers of the tribunal — a judge, clerk, and attorneys — that was directed at this Court and corrupted the judicial process.

Three actors are responsible:

- **District Judge Leeson** — who, between July 15 and August 12, 2025, refused to rule on Appellant's waiver notices and Rule 58 motions. By

1

abdicating his judicial duty during this critical period, he deliberately manufactured a pretext of non-finality to obstruct appellate jurisdiction.

- **Third Circuit Clerk** — who issued ECF 7, a "jurisdictional defect" letter that exceeded ministerial authority, omitted dispositive filings, and advanced frivolous positions.

- **Appellees' Counsel** — who adopted ECF 7 verbatim in their brief (ECF 13) and independently advanced frivolous arguments contrary to binding precedent.

Each act satisfies the four elements of fraud on the court under *Herring*.

## II. FRAUD ON THE COURT — ELEMENTS

### 1. Officer Misconduct

- **Judge Leeson.** Between July 15 and August 12, 2025, Appellant filed clear waiver notices (ECFs 70, 71, 73) and Rule 58 motions (ECFs 68, 72, 72-1). Judge Leeson refused to rule on any of them during this period. That refusal was not neutral docket management but a calculated abdication of Article III duty, deliberately manufacturing a pretext of non-finality to obstruct appellate jurisdiction.

- **Third Circuit Clerk.** On August 14, 2025, the Clerk issued ECF 7 declaring a jurisdictional defect, citing *Borelli* and *Redmond*. This exceeded

2

- FRAP 45(b), which forbids clerks from exercising judicial functions, and violated FRAP 27, which reserves adjudication of motions to the Court. By omitting the waiver and Rule 58 filings, the directive was also frivolous under Rule 11(b), lacking any basis in fact or law.

- **Appellees' Counsel.** On August 28, 2025, Appellees filed ECF 13 adopting the Clerk's directive and asserting that jurisdiction depends on the district judge's entry of judgment. That theory is squarely foreclosed by *Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019), and *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976). Knowingly advancing an argument contrary to controlling precedent and ignoring dispositive filings is not zealous advocacy — it is frivolous under Rule 11(b)(2) and (3) and constitutes officer misconduct.

## 2. Intentional and Egregious

The misconduct in this appeal was deliberate, not mistaken:

- The judge knew waiver filings were on the docket but refused to act.
- The Clerk knew those filings existed but omitted them.
- Counsel knew the governing law but pressed the opposite.

## 3. Directed at the Tribunal

The misconduct targeted not just Appellant but this Court itself. The Clerk's directive was styled as an official notice to the tribunal. Counsel's brief presented

3

it as law. The judge's refusal to address Appellant's objections and finality motions ensured the record itself was rendered defective, deceiving the tribunal into believing jurisdiction was absent.

**4. Corruption of the Judicial Process**

The combined effect has been to foreclose Article III review:

- Jurisdiction is portrayed as defective no matter what curative steps Appellant takes.
- Judicial decision-making is displaced by clerk fiat and frivolous advocacy.
- Article III adjudication is nullified by abdication.

The lockstep alignment between the Clerk's ultra vires directive (ECF 7) and Appellees' brief (ECF 13) illustrates not an ordinary adversarial exchange but the laundering of staff advocacy into the record. This dynamic mirrors *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), where counsel ghost-wrote an article later presented as independent authority. As in *Hazel-Atlas*, the tribunal here was misled by what appeared to be adversarial argument but in fact originated from officer misconduct. Even the appearance of such ex parte collaboration is sufficient to void a judgment. See *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860–62 (1988). Such conduct is directed at the tribunal itself and corrupts the process, satisfying the *Herring* standard for fraud on the court.

4

## III. LEGAL STANDARD

- *Hazel-Atlas*, 322 U.S. at 246–48 — Fraud on the court defiles the tribunal and requires relief, including "all the relief necessary to correct the particular injustices involved."

- *Herring*, 424 F.3d at 386–87 — Fraud on the court exists when an officer commits intentional misconduct directed at the tribunal that corrupts the process.

- *Nguyen v. United States*, 539 U.S. 69, 80–81 (2003) — Judgments with unauthorized participation are void.

- *Universal Oil Prods. v. Root Refining Co.*, 328 U.S. 575, 580 (1946) — Fraud on the court is a wrong against the institutions of justice, not just a litigant.

- *Weber*, 939 F.3d at 241 — Waiver filings perfect finality.

## IV. PATTERN EVIDENCE OF FRAUD ON THE COURT

The intentional and egregious nature of the misconduct in this appeal is confirmed by its recurrence in Appellant's other cases:

- **Appeal No. 24-2934.** The Clerk issued a "jurisdictional defect" letter (ECF 11-1), objections were ignored, and a nonprecedential affirmance laundered the fraud into the record. (ECF 65)

- **Appeal No. 25-2616.** Judge Leeson — the subject of Appellant's misconduct complaints — presided over a case directly challenging those complaints, refused to squarely address a § 455 recusal motion, and dismissed the case sua sponte by conflating statutory "finality" and judicial immunity with jurisdiction.

These recurrences show a systemic pattern of fraud on the court, not isolated missteps. The repetition across appeals (24-2934, 25-2570, and 25-2616) satisfies the *Herring* element of intent and confirms that the judgments produced are void ab initio under *Hazel-Atlas* and *Liljeberg*.

## V. RELIEF REQUESTED

Appellant respectfully asks this Court to:

1. **Vacate** the Clerk's Directive (ECF 7), Appellees' derivative brief (ECF 13), and any orders predicated thereon as void for fraud on the court;
2. **Confirm jurisdiction** perfected under 28 U.S.C. § 1291 by Appellant's waiver and Rule 58 filings notwithstanding the district judge's abdication;
3. **Direct merits briefing** under FRAP 31 before a neutral Article III panel;
4. **Declare void ab initio** any clerk-issued jurisdictional rulings or frivolous filings, ensuring they have no preclusive effect;

5. **Order structural safeguards** prohibiting clerk-issued "jurisdictional defect" letters and requiring jurisdictional determinations to be made only by judges on the record after adversarial briefing;

6. **Award compensatory relief** consistent with *Hazel-Atlas*, including shifting the costs of these proceedings to the officers whose misconduct caused them, reimbursing Appellant for duplicative filings and expenses necessitated by ultra vires actions and frivolous advocacy, and granting any further equitable measures necessary to restore Appellant to the position he would have occupied absent the fraud;

7. **Impose sanctions** on Appellees' counsel under FRAP 38 and Rule 11(b) for advancing frivolous arguments that laundered the Clerk's ultra vires directive into the adversarial record;

8. **Refer counsel** to this Court's disciplinary panel for review of their compliance with Rule 11(b) and professional conduct obligations;

9. **Declare** that the actions of Judge Leeson, the Clerk, and Appellees' counsel in this appeal constituted fraud on the court under *Hazel-Atlas* and *Herring*;

10. **Grant** such further relief as justice requires to restore the integrity of the judicial process.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246

Ephrata, Pennsylvania 17522<br>
717-388-0163<br>
reaganfive@protonmail.com<br>
August 28, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

    Sarah Hyser-Staub PA I.D. No. 315989
    Lauren Anthony, PA I.D. No. 324557
    100 Pine Street
    P.O. Box 1166
    Harrisburg, PA 17108-1166
    717-232-8000
    sstaub@mcneeslaw.com
    lanthony@mcneeslaw.com

    *Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
Dated: August 28, 2025    reaganfive@protonmail.com