IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 25-2570<br><br>(DC case: 5:24-cv-05338) |

**MOTION FOR RECUSAL AND REASSIGNMENT**

Appellant moves for the recusal of all judges of the United States Court of Appeals for the Third Circuit from this appeal under 28 U.S.C. § 455, and for reassignment to a neutral panel designated by the Chief Justice of the United States pursuant to 28 U.S.C. § 292(d).

**I. INTRODUCTION AND BACKGROUND**

This appeal arises from the dismissal of Appellant's § 1983 civil rights complaint in the Eastern District of Pennsylvania.

On March 7, 2025, the district court dismissed the complaint without prejudice (ECFs 35–36). The order conflated jurisdictional and merits rulings by dismissing some claims under Rule 12(b)(1) and others under Rule 12(b)(6), while leaving state-law claims unresolved. No hearing was held and no briefing schedule was set on Appellant's facial constitutional claims.

1

Subsequent denials (ECFs 55, 60, 63) avoided recusal, vacatur, and Rule 58 issues while leaving the record ambiguous. When Appellant filed waiver notices and Rule 58 motions (Docs. 68–73), as *Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019), and *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976), authorize to perfect finality, the district court refused to rule. The effect was to manufacture a pretext of "non-finality" and obstruct appellate review.

Appellant filed his notice of appeal on August 12, 2025. On August 14, the Clerk's Office issued ECF 7, a "jurisdictional defect" letter. The letter cited *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976), and *Redmond v. Gill*, 352 F.3d 801 (3d Cir. 2003), applied those precedents to the case, declared that a jurisdictional defect existed, and directed the parties to file written responses within twenty-one days. The schedule imposed by ECF 7 was not for appellate briefing under FRAP 31 but was limited to the Clerk's own directive. In their subsequent submission (ECF 13), Appellees' counsel adopted the Clerk's position wholesale, presenting it as adversarial argument. Appellant then filed a motion to vacate for fraud on the court (ECF 14), invoking *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and *Herring v. United States*, 424 F.3d 384 (3d Cir. 2005).

**II. GROUNDS FOR RECUSAL**

Under 28 U.S.C. § 455(a), recusal is required whenever impartiality "might reasonably be questioned." The test is objective: whether a reasonable observer, fully informed of the circumstances, would doubt the court's neutrality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Several features of this case independently warrant recusal:

1. **Dismissal Without Adversarial Process.** The district court dismissed constitutional claims without hearings or briefing schedules. A reasonable observer would view this as evasion, not adjudication.

2. **Jurisdiction and Merits Conflated.** The dismissal order collapsed Rule 12(b)(1) and Rule 12(b)(6). (ECFs 35, 36). When Appellant filed waiver notices and Rule 58 motions, the court refused to act, creating the appearance of deliberate obstruction of appellate rights contrary to *Weber* and *Borelli*.

3. **Evasive and Obstructionist Orders.** Denials at ECFs 55, 60, and 63 gave the appearance of judicial activity while avoiding substantive rulings.

4. **Clerk's Usurpation.** On August 14, 2025, the Clerk issued ECF 7, a "jurisdictional defect" letter. This was not a neutral notice; it was a pseudo-ruling that declared the existence of a jurisdictional defect, cited precedent, applied it to the facts, and imposed a stand-alone "briefing schedule" directed only to the Clerk's own directive. No statute, rule, or local order

3

authorizes such a procedure. Under FRAP 45(b), clerks are expressly forbidden to exercise judicial functions. Appellant promptly objected (ECF 8) and moved to strike (ECF 9). Yet no judge acted on those objections. The effect is that the unauthorized directive remains operative, as if tacitly endorsed by Article III judges. A reasonable observer would conclude not only that the Clerk usurped judicial power, but that the Court has ratified that usurpation by silence. This alignment between staff action and judicial inaction raises the precise concern *Liljeberg* addresses: even without proof of subjective bias, impartiality "might reasonably be questioned" when officers of the Court ignore a clear statutory violation.

5. **Counsel Laundering.** Appellees styled their brief (ECF 13) as a "response" to the Clerk's directive, adopting it verbatim. This transformed an unauthorized staff pronouncement into adversarial form, creating the appearance of collusion between court officers and litigants and undermining the adversarial process itself.

6. **Cycle of Manufactured Non-Finality.** District-court evasion, clerk usurpation, and counsel laundering together created a closed loop portraying the appeal as jurisdictionally defective no matter what filings were made.

**Reasonable Observer Standard.** This motion does not rest on proving actual bias, but on the objective appearance test set forth in § 455(a). Under *Liljeberg*, the question is whether impartiality might reasonably be doubted. Here, a reasonable member of the public would ask:

- Why were constitutional complaints dismissed without hearings or briefing schedules?
- Why did the district judge evade ruling on filings that should have perfected finality under controlling precedent?
- Why did the Clerk's Office, lacking judicial authority, issue a dispositive directive and create its own briefing schedule?
- Why did Appellees' counsel adopt the Clerk's position verbatim, rather than engage the law?
- Why has no Article III judge corrected these departures?

Each of these questions points to the same conclusion: impartiality cannot reasonably be presumed.

What would most trouble a reasonable observer is not any single ruling, but the pattern of alignment: a district judge avoiding adjudication, a Clerk usurping judicial power, counsel validating that usurpation, and the absence of correction by Article III judges. Viewed together, these actions create the appearance of systemic manipulation rather than impartial adjudication.

**Pattern Across Appeals.** These grounds are sufficient in 25-2570 standing alone. But the appearance of partiality is not confined to this docket. A reasonable observer would note the same devices recurring across Appellant's other appeals, reinforcing the perception of a systemic practice rather than isolated error, as follows:

- **25-2616.** Judge Leeson, subject of Appellant's misconduct complaints, presided over a case challenging the Judicial Council's handling of those complaints, denied recusal in a footnote, and dismissed sua sponte under Rule 12(h)(3) by recasting his own merits defenses as jurisdictional — contrary to *Bell v. Hood*, 327 U.S. 678 (1946), and *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). (ECF 7, 9).

- **24-2934.** In Appellant's other case involving Appellee, a magistrate and judge collapsed jurisdiction and merits, misused abstention, and mislabeled objections to block de novo review, contrary to *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977). (ECF 37, 40, 55, 59, 60, 64). On appeal, the same Clerk issued another "jurisdictional defect" directive to summary-list the appeal. Over Appellant's objections and formal protest, the panel affirmed without hearing by a nonprecedential order, bootstrapping clerk overreach and burying per se reversible error. (ECF 11-1, 59, 60).

6

The attached Pattern Evidence of Structural Misconduct Across Appeals (**Appendix A**) documents the recurrence across all three of Appellant's appeals. A reasonable observer would see not only isolated anomalies, but a replicated scheme: district judges evading adjudication, clerks exceeding authority, counsel validating staff misconduct, and appellate panels allowing the pattern to stand uncorrected. The appearance is of a circuit-wide alignment to insulate decisions from Article III review.

## III. RELIEF REQUESTED

WHEREFORE, Appellant respectfully moves that this Court:

1. Disqualify all judges of the United States Court of Appeals for the Third Circuit from further participation in this appeal pursuant to 28 U.S.C. § 455;

2. Transmit a certificate of necessity so that the Chief Justice of the United States may designate a neutral panel of judges from another circuit to hear this matter under 28 U.S.C. § 292(d); and

3. Grant such other and further relief as may be appropriate to preserve both the appearance and reality of impartial adjudication, recognizing that "without impartial justice the public confidence in the courts is irreparably undermined." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

Respectfully submitted,<br>
<u>*/s/ Michael Miller*</u>

MICHAEL MILLER<br>
108 North Reading Road., Ste F, 246<br>
Ephrata, Pennsylvania 17522<br>
717-388-0163<br>
reaganfive@protonmail.com<br>
August 31, 2025

Appendix A — Pattern Evidence of Structural Misconduct Across Appeals

### Appendix A — Pattern Evidence of Structural Misconduct Across Appeals

*This table documents how the same structural defects and procedural devices recur across three separate Third Circuit appeals — 24-2934, 25-2570, and 25-2616 — demonstrating that the problems are systemic rather than isolated.*

| | Device | 24-2934 (MDPA → 3d Cir) | 25-2570 (EDPA → 3d Cir) | 25-2616 (EDPA → 3d Cir) |
|---|---|---|---|---|
| 1 | **Jurisdiction/Merits Collapse** | Magistrate + Judge Wilson conflated Rule 12(b)(1) and 12(b)(6); abstention misused (ECF 59, 64). | Judge Leeson refused to dispose actions (ECF 60, 63), manufacturing pretext of "non-finality"; 3rd circ. clerk adopted it as jurisdictional defect. (ECF 7) | Judge Leeson recast ultra vires and immunity defenses as jurisdictional; dismissed sua sponte under Rule 12(h)(3). (ECF 7,9) |
| 2 | **Recusal Denied / Conflicted Judge** | Recusal motions sidelined; judges who were subjects of complaints sat in judgment. | Recusal motion denied despite overlapping cases in CA3. | Recusal denied in footnote while dismissing a case challenging Rule 10 bans against himself. (ECF 7,9) |
| 3 | **Fabricated Abstention / Pretext** | "*Reifer* abstention" invoked though no parallel proceedings existed. (ECF 59, 64) | N/A (fraud took Rule 58 form here). | Constitutional claims extinguished by statutory silence; § 357(c) treated as "unqualified bar." (ECF 7,9) |
| 4 | **Plaintiff's Objections Mischaracterized** | Specific objections under 28 USC 636 labeled "general" → blocked de novo review. (ECF 37, 40, 55, 60, 64) | Judge Leeson relabeled substantive motions and objections as "not motions" or "motions for reconsideration" to shut them down. Same device: reclassification to erase review. (ECF 60, 63) | N/A — here the fraud device was sua sponte Rule 12(h)(3) dismissal and recusal denial in a footnote. |
| 5 | **Clerk Usurpation** | Clerk issued briefing stay & jurisdiction defect letter (3d Cir. ECF 7, 11-1). | Clerk issued "jurisdiction defect" letter (ECF 7) omitting dispositive filings; creates a fraudulent 21-day 'briefing schedule' for her letter. Appellees launder argument into their brief, creating a pretext of process. (ECF 13) | N/A. Unlike the other appeals, Appellant was given a briefing schedule despite the dismissal for lack of jurisdiction. |
| 6 | **Engineered Record** | Objections erased; false "generalized" narrative inserted into CA3 mem-op. (ECF 11-1, 17) | Judge misclassified filings (Docs. 43, 46, 47, 56, 57, 59) as "not motions" to deny rulings; created false record of "untimeliness."; Clerk omitted waiver filings (ECF 7); counsel adopted omission (ECF 13); record distorted. | |
| 7 | **Article III Abdication** | Panel affirmed by nonprecedential mem-op; omitted rulings. (ECF 59, 60) | Judge Leeson denied Plaintiff adjudication (ECF 60,63); clerk displaced Article III function. (ECF 7) | Judge Leeson dismissed from chambers sua sponte, without adversarial process. (ECF 7,9) |
| 8 | **Retaliatory Sanctions** | Sanctions motion weaponized (ECF 48); sanctions pursued after dismissal. (ECF 67-70) | | Judge Leeson injected sua sponte immunity/finality defenses as a shield against Complaint. (ECF 7,9) |
| 9 | **Misconduct Process Fraud** | | Motion to Vacate (ECF 14) cites this systemic misconduct as corroboration. | Judicial Council misclassified complaints; rubber-stamped dismissals; Rule 10 ban imposed; Complaint itself challenged the Rule 10 ban; judge dismissed while himself subject to those complaints. |

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

                                        Sarah Hyser-Staub PA I.D. No. 315989
                                        Lauren Anthony, PA I.D. No. 324557
                                        100 Pine Street
                                        P.O. Box 1166
                                        Harrisburg, PA 17108-1166
                                        717-232-8000
                                        sstaub@mcneeslaw.com
                                        lanthony@mcneeslaw.com

                                        *Attorneys for Defendants*

                                        Respectfully Submitted,

                                        <u>*/s/ Michael Miller*</u>
                                        Michael Miller
                                        108 N. Reading Rd., Ste F, 246
                                        Ephrata, Pennsylvania 17522
                                        717-388-0163
Dated: August 31, 2025            reaganfive@protonmail.com