IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 25-2570<br><br>(DC case: 5:24-cv-05338) |

**NOTICE OF APPLICATION TO THE SUPREME COURT**

Appellant respectfully notifies this Court that on September 3, 2025, he filed an *Emergency Application with the Supreme Court of the United States* pursuant to Rule 22, directed to the Hon. Samuel A. Alito, Jr., Circuit Justice for the Third Circuit.  See *Exhibit A*.

The Application arises from sustained structural misconduct by this Court and its officers across Appellant's multiple cases—Appeal Nos. 24-2934, 25-2570, and 25-2616, together with their underlying district-court dockets. In Appeal No. 25-2570 in particular, every major fraud device identified across the other two appeals is replicated, making this case the central example of the pattern. The legal instruments continue in outward form, but not in function; what animates them is not the rule of law, but coordinated evasion and concealment.

## I. Specific Devices in Appeal No. 25-2570

*Note: The conduct identified below reflects a combination of acts in the underlying district-court proceedings and in the appellate process, together forming the basis of the Rule 22 Application.*

## 1. Clerk Usurpation of Judicial Power (ECF 7).

The Clerk issued a "jurisdictional defect" letter citing *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976), and *Redmond v. Gill*, 352 F.3d 801 (3d Cir. 2003), while omitting curative filings (ECFs 68–73). Appellees then adopted this letter in ECF 13, laundering it into adversarial form. This conduct violated Fed. R. App. P. 45(b), Fed. R. App. P. 27, and the separation-of-powers principles in *Nguyen v. United States*, 539 U.S. 69, 79 (2003), and *Goldberg v. Kelly*, 397 U.S. 254, 262 (1970), and created an appearance of partiality contrary to 28 U.S.C. § 455(a). In effect, ministerial screening was converted into adjudication by a clerk and counsel in disguise. This device also appeared in Appeal No. 24-2934.

## 2. Jurisdiction/Merits Collapse (Rule 12(b)(1) and 12(b)(6)).

Judge Leeson simultaneously dismissed under Rule 12(b)(1) while reaching merits determinations under Rule 12(b)(6), contrary to *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998), and *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891–92 (3d Cir. 1977). This collapse of sequencing erased the

jurisdictional threshold altogether, producing a structurally void judgment. This device appeared in all three appeals.

### 3. Manufactured Non-Finality and Appellate Sabotage.

The district court refused to enter Rule 58 judgment, preserving ambiguity that the Clerk later invoked in ECF 7 to question appellate jurisdiction. This tactic violated Fed. R. Civ. P. 58 as interpreted in *Weber v. McGrogan*, 939 F.3d 232, 239 (3d Cir. 2019), and operated to sabotage appellate review through weaponized delay. This device also appeared in Appeal No. 24-2934.

### 4. Laundering of Clerk Misconduct by Counsel (ECF 13).

Government defendants adopted the Clerk's improper directive as their own submission, completing the fraud loop. Under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944), and *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005), this laundering of administrative misconduct into adversarial form constitutes fraud on the court. This device also appeared in Appeal No. 24-2934.

### 5. Denial of Recusal and Institutional Entanglement.

Judges declined disqualification despite direct entanglement with challenged misconduct and filing restrictions. This violated 28 U.S.C. § 455(a), (b)(5)(i), and the due-process principles recognized in *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859–60 (1988), and *Caperton v. A.T. Massey Coal Co.*, 556

U.S. 868, 881 (2009). Judges sat in judgment of their own conflicts, converting recusal law into a shield for self-protection rather than a safeguard of impartiality. This device also appeared in Appeals Nos. 25-2616 and 24-2934.

## 6. Procedural Recasting and Denial of Rulings (DC ECF 63).

Pro se Appellant's substantive motions were relabeled as "generalized," "notices," or "motions for reconsideration," and then denied without adjudication, suppressing process. This violated Fed. R. Civ. P. 54(b) and the due-process requirements articulated in *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). It also contravened *EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017), which held that failure to conduct required de novo review of properly presented objections constitutes structural error. By relabeling live motions out of existence, the court extinguished adversarial process and insulated its actions from review.

## 7. Fraud-on-the-Court Motion on Record (ECF 14).

Appellant documented the triad: the judge's refusal to enter judgment, the Clerk's ultra vires directive, and counsel's laundering of both. This record establishes fraud on the court under *Hazel-Atlas*, 322 U.S. at 246, and *Herring*, 424 F.3d at 386. The record itself shows the elements of fraud intentionally engineered to deceive the tribunal. This device also appeared in Appeal No. 24-2934.

## 8. Patterned Use of Abstention and Evasion of Review.

Courts invoked abstention not to manage parallel proceedings but to avoid

adjudication entirely. Jurisdiction was never established as required by *Steel Co.*, 523 U.S. at 94–95, yet abstention was declared to bar review. Federal claims were mischaracterized as "pending" in state court when they were not, creating a false appearance of parallelism. This contravened *Zwickler v. Koota*, 389 U.S. 241, 248–49 (1967), and *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 140 (3d Cir. 2014). Abstention was used not as a lawful exercise of discretion, but as a device to suppress federal claims while preserving the façade of process. This device also appeared in Appeal No. 24-2934 (DC ECF 59, 64; 3d Cir. ECF 59, 60).

## II. Relief Sought in the Supreme Court Application

The Rule 22 Application seeks structural relief as follows:

1. Vacatur of judgments entered without lawful adjudication;

2. Disqualification of conflicted judges under 28 U.S.C. § 455;

3. Reassignment to a neutral visiting panel under 28 U.S.C. § 292(d); and

4. Nullification of unconstitutional filing restrictions imposed without lawful basis.

## III. Statement on Judicial Abdication

Appellant places this notice on the record to preserve his refusal to recognize the legitimacy of adjudication conducted through these devices. The conduct

described herein is not the work of a lawful tribunal, but of officers who have abandoned adjudication in favor of its simulation. Procedural formalities may continue, signatures may appear, and familiar language may be used, but the essential function of adjudication has been displaced. Authority here rests not on law, but on coordination and evasion.

This abdication constitutes the type of structural fraud on the court described in *Hazel-Atlas*, 322 U.S. at 246, and voids judgments under *Nguyen*, 539 U.S. at 79. Accordingly, Appellant has directed his filings to the Supreme Court as the only body empowered to intervene when courts depart from law by design.

---

**Exhibit A:** Copy of Rule 22 Application to the Supreme Court of the United States, filed September 3, 2025.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
September 4, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the

foregoing document to the following:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

*Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
Dated: September 4, 2025        reaganfive@protonmail.com

EXHIBIT A

Rule 22 Application to the Supreme Court of
the United States
Filed September 3, 2025

SUPREME COURT OF THE UNITED STATES

IN RE MICHAEL MILLER, APPLICANT

Emergency Application for Stay and Injunctive Relief Pursuant to Rule 22

from the United States Court of Appeals for the Third Circuit

No. 25-2570 (*Miller v. County of Lancaster*, from E.D. Pa. No. 5:24-cv-5338)*

\* Related Appeals: 24-2934 and 25-2616.

To the Honorable Samuel A. Alito, Jr.

Associate Justice of the Supreme Court of the United States

and Circuit Justice for the Third Circuit

## APPLICATION FOR STAY AND INJUNCTIVE RELIEF

Michael Miller

Applicant, pro se

108 N. Reading Rd., Ste F, 246

Ephrata, Pennsylvania 17522

reaganfive@protonmail.com

Dated: September 3, 2025

## I.    QUESTIONS PRESENTED

1. Whether judgments entered in Appeals 24-2934 and 25-2570 are void under *Nguyen v. United States*, 539 U.S. 69 (2003), where clerk-issued "jurisdictional defect" directives froze briefing, injected case-specific analysis, and were later ratified by judges.

2. Whether officers of the court — including clerks, counsel, and judges — committed fraud on the court within the meaning of *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and *Herring v. United States*, 424 F.3d 384 (3d Cir. 2005), by erasing objections, misrepresenting the record, and suppressing constitutional claims, thereby producing judgments not authorized by law.

3. Whether Judge Leeson violated 28 U.S.C. § 455 by adjudicating jurisdiction in Appeal 25-2616 despite being a subject of the misconduct complaints at issue, and whether systemic conflicts require recusal of the entire Third Circuit.

4. Whether the Judicial Council of the Third Circuit exceeded its statutory authority when, on June 27, 2025, it imposed a blanket filing ban on Applicant, foreclosing Congress's misconduct-review process and the constitutional right to petition.

If the Court should decline to reach those specific questions, Applicant respectfully offers one further question in the alternative, because it captures the essence of what this record now presents.

2

**In the Alternative:**

5. Does Article III afford any remedy when a judge refuses to exercise adjudicative responsibility with the care and competence the Constitution requires, or must the Applicant accept that abdication of judicial duty is beyond review?

## II.   INTRODUCTION

This Application does not seek review of any merits decision—because there has been none. Across three appeals, no court has held a hearing, no defendant has answered, and no constitutional claim has been adjudicated. Instead, clerk directives, recusal denials, and ultra vires orders have displaced Article III adjudication with ministerial evasion and judicial silence.

The questions presented are structural, not discretionary: they involve void judgments, conflict of interest, and the right to a lawful tribunal. The relief sought is not a ruling on the underlying claims, but a restoration of the judicial process itself. The law is clear, the record is complete, and what remains is whether this Court will act to enforce what Article III already requires.

## III.   SUMMARY OF THE ARGUMENT

Across three appeals, Applicant has been denied Article III adjudication entirely. No hearings have been held, defendants have never answered, and constitutional claims have never been adjudicated. What displaced adjudication were fraud devices—clerk directives treated as judicial orders, objections relabeled

to avoid review, conflicted judges sitting on their own misconduct, and an ultra vires Judicial Council filing ban. The repetition across appeals confirms design, not error, as shown in *Exhibit A*.

These actions void resulting judgments under controlling precedent. Clerk usurpation in 24-2934 and 25-2570 renders judgments void ab initio. Fraud on the court by officers—clerks, counsel, and judges—compels vacatur because it defiles the judicial process itself. Judge Leeson's refusal to recuse in 25-2616, while dismissing a case about his own misconduct, violates § 455 and extends the conflict to the entire Third Circuit. The Judicial Council's June 27 filing ban on Applicant exceeds statutory authority and extinguishes the right to petition.

Fraud on the court is not error to be corrected later; it is a structural wrong that strips a tribunal of legitimacy. Relief must therefore come from this Court. The Circuit Justice must stay all proceedings and the filing ban, vacate clerk-issued directives and tainted judgments, enforce mandatory recusal by disqualifying the Third Circuit, and reassign these matters to a neutral visiting panel. Only such action can halt the fraud and restore lawful Article III adjudication.

## IV.    BACKGROUND AND PROCEDURAL HISTORY

### A. Appeal No. 24-2934 (MDPA → 3d Cir.) — Engineered Record and Ratification

In MDPA No. 1:24-cv-14, Magistrate Carlson recommended dismissal under Rule 12(b)(1), Rule 12(b)(6), and abstention simultaneously (ECF No. 59). Judge

Wilson adopted the recommendation, dismissed with prejudice, and refused de novo review by re-labeling Applicant's detailed objections as "general" (ECF No. 64).

On appeal, the Clerk of the Third Circuit sua sponte issued "jurisdictional defect" directives (ECF Nos. 11-1), diverting the case into "summary action." Applicant objected (ECF Nos. 12–16), but the panel ratified the clerk's act and affirmed in a nonprecedential memorandum (ECF Nos. 59–60).

## B. Appeal No. 25-2570 (EDPA → 3d Cir.) — Clerk Usurpation

In EDPA No. 5:24-cv-5338, Judge Leeson dismissed under both Rule 12(b)(1) and Rule 12(b)(6), collapsing threshold jurisdiction with merits determinations (ECF Nos. 35–36). He then refused to enter a final judgment even after Applicant forced finality through waiver and Rule 58 filings (ECF Nos. 68, 70–73). Two days after Applicant appealed, the Clerk of the Third Circuit issued a "jurisdictional defect" letter (ECF No. 7) that omitted dispositive filings, froze briefing, and threatened dismissal. Applicant objected (ECF No. 8), moved to strike (ECF No. 9), and filed a fraud-on-the-court motion (ECF No. 14). Circuit judges ignore his objections. Appellee's counsel then adopted the Clerk's directive as their own submission (ECF No. 13).

## C. Appeal No. 25-2616 (EDPA → 3d Cir.) — Recusal Denial and Council Overreach

On June 27, 2025, the Judicial Council of the Third Circuit imposed a blanket Rule 10 filing ban on Applicant without statutory authority. On August 12, Applicant filed a declaratory judgment action (EDPA No. 5:25-cv-4633) challenging the Council's actions as ultra vires (ECF No. 1). Two days later, Judge Leeson—

himself a subject of the underlying misconduct complaints—dismissed the case sua

sponte under Rule 12(h)(3), citing §§ 352(c) and 357(c). He denied recusal, reasoning

that 28 USC. § 455 did not bar him from ruling on jurisdiction despite the conflict

(ECF No. 7).

## D. Pattern Across Appeals

*Exhibit A* shows that officers in the Third Circuit employ the same devices

across Appeals 24-2934, 25-2570, and 25-2616. Their repetition confirms systemic

design, not isolated error. *Exhibit A,* attached immediately following the

Conclusion, visually demonstrates this repetition by setting the devices side-by-side

across all three appeals, distilling the record into a single chart that makes the

pattern unmistakable.

## V.     ARGUMENT

The record of Applicant's three appeals squarely answers each of the

Questions Presented: clerk usurpation renders judgments void; fraud on the court

by officers of the tribunal compels vacatur; systemic conflicts mandate recusal of

Judge Leeson and the Third Circuit; the Judicial Council's blanket Rule 10 filing

ban is ultra vires; and fraud precludes deference to a tribunal that is itself the

source of the misconduct.

## E. Clerk Usurpation Renders Judgments Void

When clerks issue adjudicative rulings that freeze briefing and inject legal

analysis, any judgment resting on those acts is void ab initio under Nguyen,

because unauthorized officer participation defiles Article III adjudication.

In Appeals 24-2934 and 25-2570, Third Circuit clerks issued "jurisdictional defect" directives (ECF 11-1; ECF 7) that froze briefing and injected case-specific analysis. Panels relied on those directives in issuing judgments. These were adjudicative acts reserved to the court and/or parties. Under *Nguyen*, judgments touched by unauthorized officer participation are void ab initio.

The Circuit Justice must vacate the clerk-issued directives (24-2934, ECF 11-1; 25-2570, ECF 7) and any judgments resting on them as void.

### F. Fraud on the Court by Officers of the Tribunal

Fraud on the court occurs where officers—clerks, counsel, or judges—erase objections, distort the record, or launder misconduct into judicial form; such intentional deception aimed at the tribunal itself compels vacatur under *Hazel-Atlas* and *Herring*.

Across Applicant's appeals, officers of the court—clerks, counsel, and judges—erased objections, misstated the record, and suppressed constitutional claims. In 24-2934, objections were relabeled as "general" to avoid de novo review (ECF 37, 40, 55, 60, 64), and the panel issued a nonprecedential memorandum (ECF 59–60) that concealed unresolved filings. In 25-2570, appellees adopted the clerk's directive (ECF 13), laundering staff misconduct into the record. Under *Hazel-Atlas* and *Herring*, such intentional misconduct, directed at the tribunal itself, constitutes fraud on the court and voids the resulting judgments.

The Circuit Justice must vacate the tainted judgments in Appeals 24-2934 and 25-2570 because they are infected by fraud on the court.

## G. Mandatory Recusal of the Third Circuit

Section 455 requires disqualification where impartiality may reasonably be questioned, and it is mandatory when a judge is directly interested; here, both Judge Leeson and the Third Circuit as an institution are structurally conflicted, requiring reassignment to a neutral visiting panel.

On June 27, 2025, the Judicial Council imposed a filing ban on Applicant to prevent him from filing judicial misconduct complaints. On August 12, Applicant filed a declaratory judgment action challenging those actions as ultra vires. Two days later, Judge Leeson—himself a subject of the underlying misconduct complaints—dismissed the action sua sponte under Rule 12(h)(3) and denied recusal. Section 455(a) requires recusal where impartiality "might reasonably be questioned"; § 455(b)(5)(i) makes it mandatory when a judge is directly interested. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); and *In re Kensington Int'l Ltd.*, 368 F.3d 289 (3d Cir. 2004), confirm that structural conflicts and institutional entanglements compel vacatur.

Moreover, the record of fraud makes the conflict broader than one judge. Clerks have issued adjudicative rulings, circuit judges have ratified them in nonprecedential opinions, and the Judicial Council has imposed an ultra vires filing ban to shield itself from oversight. A reasonable litigant would question the impartiality of the entire Third Circuit under these circumstances. Section 455 therefore requires recusal not only of Judge Leeson but of the circuit itself, with

8

reassignment to a neutral visiting panel under 28 U.S.C. § 292(d) as the only lawful path forward.

The Circuit Justice must enforce § 455 by disqualifying Judge Leeson and the Third Circuit as a whole, and must reassign these matters to a neutral visiting panel under § 292(d).

## H. Ultra Vires Judicial Council Filing Ban

The Judicial Council's June 27 blanket Rule 10 filing ban exceeded statutory authority, nullified Congress's misconduct statutes, and imposed a prior restraint on the First Amendment right to petition, rendering the order ultra vires and void.

The Council imposed the ban without statutory or rule authority. Section 352(c) "finality" and § 357(c) review provisions govern individual misconduct complaints, not wholesale filing prohibitions. By purporting to nullify Congress's complaint process, the Council exceeded its jurisdiction, violating the ultra vires principle recognized in *Leedom v. Kyne*, 358 U.S. 184 (1958), and the requirement of judicial review in *Webster v. Doe*, 486 U.S. 592 (1988). Constitutional claims cannot be extinguished by silence; under *Zwickler v. Koota*, 389 U.S. 241 (1967), access to a federal forum must be preserved absent a clear congressional statement.

Moreover, the filing ban operated as a prior restraint on the First Amendment right to petition, condemned in *McDonald v. Smith*, 472 U.S. 479 (1985), and void for lack of procedural safeguards under *Playboy Entertainment Group v. United States*, 529 U.S. 803 (2000). The Council also failed to record findings or a vote, compounding the structural defect. Such action is incompatible with Article III adjudication and cannot be allowed to stand.

9

The Circuit Justice must stay and nullify enforcement of the Judicial Council's June 27 filing ban as ultra vires and unconstitutional.

## I. Fraud Precludes Deference to the Third Circuit

This Court cannot defer to a tribunal that is itself the source of fraud; where clerks usurp adjudication, judges ratify it, and the Council forecloses oversight, Rule 22 relief is the only path to restore lawful adjudication.

Respondents may argue this Court should defer to the Court of Appeals. But deference is impossible where the tribunal itself has displaced Article III with fraud devices. Clerks issued adjudicative directives; circuit judges ratified them in nonprecedential opinions; and the Council imposed an unlawful ban to foreclose statutory remedies. This is precisely the circumstance in which *Hazel-Atlas* and *Universal Oil*, 328 U.S. 575 (1946), hold that fraud on the court strips a tribunal of legitimacy.

Deference is premised on impartial adjudication, but where impartiality is structurally compromised, § 455(a) and *Caperton* make clear that neutrality must be restored before judgment can carry force. A tribunal that is both party to the misconduct and adjudicator of its own acts cannot command deference.

The Circuit Justice must intervene directly to restore lawful adjudication, because deference to a fraudulent tribunal would perpetuate the structural wrong.

## VI.   CONCLUSION AND PRAYER FOR RELIEF

The record is complete. What has been missing is lawful adjudication. If this Court is unwilling to address the specific questions presented, then Applicant respectfully asks it to answer the one that remains:

*Does Article III afford any remedy when a judge refuses to exercise adjudicative responsibility with the care and competence the Constitution requires, or must Applicant accept that abdication of judicial duty is beyond review?*

Only this Court can supply that answer, and only this Court can restore the promise that Article III will mean what it says.

For the reasons stated above, Applicant respectfully requests that the Circuit Justice:

1. **Stay all further proceedings** in Applicant's pending Third Circuit appeals (Nos. 24-2934, 25-2570, 25-2616) and stay enforcement of the June 27, 2025 Rule 10 filing ban imposed by the Judicial Council.

   *(Authority: SCOTUS Rule 22; Article III; Leedom; Zwickler; McDonald v. Smith)*

2. **Vacate clerk-issued directives** (24-2934, ECF 11-1; 25-2570, ECF 7) and any judgments resting on them as void under *Nguyen*, due to unauthorized adjudication by non-judicial officers.

   *(Authority: Nguyen; FRAP 27, 45; Herring)*

3. **Enforce mandatory recusal** by disqualifying Judge Leeson and the Third Circuit as a whole under 28 U.S.C. § 455(a) and § 455(b)(5)(i), and direct

11

reassignment of all tainted matters to a neutral visiting panel under 28
U.S.C. § 292(d).

*(Authority: Liljeberg; Caperton; In re Kensington; § 292(d))*

4. **Nullify the Rule 10 filing restriction** imposed by the Judicial Council on June
   27, 2025, as an ultra vires and unconstitutional act that exceeds the
   authority granted by 28 U.S.C. §§ 351–364 and violates the First and Fifth
   Amendments.

   *(Authority: Leedom v. Kyne; Webster v. Doe; Zwickler; McDonald; Playboy
   Ent. Group)*

5. Alternatively, if the Court declines to grant the relief above, state what
   remedy, if any, Article III affords Applicant when a judge refuses to exercise
   adjudicative responsibility with the care and competence the Constitution
   requires.

6. Grant such other relief as the Circuit Justice may deem just.

A visual summary of this systemic pattern is set out in *Exhibit A*, which
follows immediately.


**EXHIBIT A – Pattern Evidence of Structural Misconduct Across Appeals**

Exhibit A distills hundreds of filings into a single comparative chart. It shows
how the same fraud devices recur across three separate appeals—24-2934, 25-2570,
and 25-2616. By placing them side-by-side, the Exhibit makes clear that these are
not isolated errors, but a deliberate pattern of clerk usurpation, recusal denial,

engineered records, concealment and abdication, and Council overreach. The
repetition across distinct dockets satisfies the elements of fraud on the court under
*Hazel-Atlas* and *Herring*: intentional misconduct by officers of the court, directed at
the tribunal itself, and corrupting the judicial process.

Respectfully Submitted,

Michael Miller, Applicant, pro se
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com

Dated: September 3, 2025

## VIII.   CERTIFICATE OF COMPLIANCE

This filing, not counting *Exhibit A*, which is attached for the Court's

convenience and not subject to the word count, contains 2,485 words as determined

by the word-processing system used to prepare it.

Respectfully Submitted,

Dated: September 3, 2025

Michael Miller

Exhibit A — Fraud Chart: Pattern Evidence of Fraud on the Court Across Appeals
24-2934, 25-2570, and 25-2616

This chart visually summarizes how identical fraud devices recur across Applicant's
three pending appeals, confirming deliberate design rather than isolated error.

**Pattern Evidence of Structural Misconduct Across Appeals**

*This table documents how the same structural defects and procedural devices recur across three separate Third Circuit appeals — 24-2934, 25-2570, and 25-2616 — demonstrating that the problems are systemic rather than isolated.*

| | Device | 24-2934 (MDPA → 3d Cir) | 25-2570 (EDPA → 3d Cir) | 25-2616 (EDPA → 3d Cir) |
|---|---|---|---|---|
| 1 | Jurisdiction/Merits Collapse | Magistrate + Judge Wilson conflated Rule 12(b)(1) and 12(b)(6); abstention misused (ECF 59, 64). | Judge Leeson refused to dispose actions (ECF 60, 63), manufacturing pretext of "non-finality"; 3rd circ. clerk adopted it as jurisdictional defect. (ECF 7) | Judge Leeson recast ultra vires and immunity defenses as jurisdictional; dismissed sua sponte under Rule 12(h)(3). (ECF 7,9) |
| 2 | Recusal Denied / Conflicted Judge | Recusal motions sidelined; judges who were subjects of complaints sat in judgment. | Recusal motion denied despite overlapping cases in CA3. | Recusal denied in footnote while dismissing a case challenging Rule 10 bans against himself. (ECF 7,9) |
| 3 | Fabricated Abstention / Pretext | "*Reifer* abstention" invoked though no parallel proceedings existed. (ECF 59, 64) | N/A (fraud took Rule 58 form here). | Constitutional claims extinguished by statutory silence; § 357(c) treated as "unqualified bar." (ECF 7,9) |
| 4 | Plaintiff's Objections Mischaracterized | Specific objections under FRCP 72 labeled "general" → blocked de novo review. (ECF 37, 40, 55, 60, 64) | Judge Leeson relabeled substantive motions and objections as "not motions" or "motions for reconsideration" to shut them down. Same device: reclassification to erase review. (ECF 60, 63) | N/A — here the fraud device was sua sponte Rule 12(h)(3) dismissal and recusal denial in a footnote. |
| 5 | Clerk Usurpation | Clerk issued briefing stay & jurisdiction defect letter (3d Cir. ECF 7, 11-1). | Clerk issued "jurisdiction defect" letter (ECF 7) omitting dispositive filings; creates a fraudulent 21-day 'briefing schedule' for her letter. Appellees launder argument into their brief, creating a pretext of process. (ECF 13) | N/A. Unlike the other appeals, Appellant was given a briefing schedule despite the dismissal for lack of jurisdiction. |
| 6 | Engineered Record | Objections erased false "generalized" narrative inserted into CA3 mem-op. (ECF 11-1, 17) | Judge misclassified filings (Docs. 43, 46, 47, 56, 57, 59) as "not motions" to deny rulings; created false record of "untimeliness."; Clerk omitted waiver filings (ECF 7); counsel adopted omission (ECF 13); record distorted. | |
| 7 | Article III Abdication | Panel affirmed by nonprecedential mem-op; omitted rulings. (ECF 59, 60) | Judge Leeson denied Plaintiff adjudication (ECF 60,63); clerk displaced Article III function. (ECF 7) | Judge Leeson dismissed from chambers sua sponte, without adversarial process. (ECF 7,9) |
| 8 | Retaliatory Sanctions | Sanctions motion weaponized (ECF 48); sanctions pursued after dismissal. (ECF 67-70) | | |
| 9 | Misconduct Process Fraud | | | Judicial Council misclassified complaints; rubber-stamped dismissals; imposed filing ban; Complaint itself challenged the Rule 10 ban; judge dismissed while himself subject to those complaints. |

## AFFIDAVIT OF SERVICE
*Supreme Court Rule 29.5(c) / 28 U.S.C. § 1746*

I, Michael Miller, being duly sworn, depose and say:

1. I am the pro se Applicant in this matter.
2. On September 3, 2025, I served by a true and correct copy of the Emergency Application for Stay and Injunctive Relief Pursuant to Rule 22, together with Exhibit A, on the following counsel of record by email:

Sarah Hyser-Staub, Esq.
Lauren Anthony, Esq.
McNees Wallace & Nurick LLC
100 Pine Street, P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

3. I also mailed the original of this filing via first-class mail, postage prepaid, addressed to:
Clerk of the Court
Supreme Court of the United States
1 First Street NE
Washington, DC 20543

FURTHER THE AFFIANT SAYETH NAUGHT.

Subscribed and sworn to before me on this 3rd day of September, 2025.

_(Signature of Notary Public)_
Notary Public
My commission expires: Nov 17, 2028

Commonwealth of Pennsylvania - Notary Seal
Barbara J. Fullerton, Notary Public
Lancaster County
My commission expires November 17, 2028
Commission number 1054646
Member, Pennsylvania Association of Notaries

Michael Miller
Ephrata, Pennsylvania
reaganfive@protonmail.com