IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 25-2570<br><br>(DC case: 5:24-cv-05338) |

## NOTICE OF STRUCTURAL DEFECTS IN REPRESENTATION AND JURISDICTION, PRESERVING OBJECTIONS FOR ARTICLE III ADJUDICATION

**I. Introduction and Background**

Appellant respectfully submits this Notice to preserve objections and demand lawful adjudication. Because the Clerk has listed this appeal for "summary action" (ECF 7), Appellant files under protest to ensure the record reflects the unresolved structural defects that deprive this Court of constitutional authority to affirm or dismiss.

The subject of this Notice is the district court's refusal to adjudicate motions concerning representation and funding of the five individual-capacity defendants. On March 26, 2025, Appellant moved to compel disclosure of indemnification and funding arrangements (ECF 51; supporting memorandum ECF 51-1), and on July

1

21 renewed the request for adjudication (ECF 62). By order dated July 24, 2025 (ECF 63), Judge Leeson directed a response by August 14—the final day for a timely appeal—thereby creating a procedural impasse. Appellant filed a preservation notice (ECF 66) and later objected to the entry of judgment without ruling on the pending motions (ECF 69). Defendants opposed the disclosure motion only after the Notice of Appeal had been filed (ECF 76). As a result, issues of unauthorized representation, public funding, and conflicts of interest were never adjudicated, and the case was funneled into dismissal through a series of jurisdictional shell games rather than Article III process.

    This Notice therefore preserves those objections on appeal and identifies the remedial measures necessary for lawful adjudication.

**II. Ghost Defendants Shielded by Unauthorized, Taxpayer-Funded Counsel**

    As outlined in the Introduction, the district court never resolved motions seeking disclosure of representation and funding arrangements. That failure compounded a deeper structural problem: the five individual-capacity defendants never appeared, never answered, and never asserted personal defenses.

    McNees Wallace & Nurick's engagement letter (Jan. 18, 2023) limited its client to "the County of Lancaster only and no one else," expressly disclaiming representation of employees. County's records officer admitted in her Right-to-

Know response that County possesses no indemnification agreements, conflict waivers, or dual-representation disclosures. Yet County invoices shows County used taxpayer funds to defend the personal-capacity claims of the five absent officials.

While Pennsylvania law permits counties to indemnify officers under certain conditions, those conditions require disclosure, cooperation, and authorization. None were present here. Instead, County funded a blanket defense of absent individuals without waivers or court approval, collapsing the adversarial structure. This deprived Appellant of the opportunity to seek default, probe conflicts, or test indemnification, while shielding defendants who were never properly before the court.

Such an arrangement undermines the adversarial integrity condemned in *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429–31 (1982), and blurs the personal/official distinction emphasized in *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Judgments resting on this foundation are void ab initio. *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 271 (2010); *Nguyen v. United States*, 539 U.S. 69, 77–81 (2003).

**III. Judicial Evasion Through Deadline Manipulation**

As described in the Introduction, Judge Leeson's scheduling order (ECF 63) set the disclosure response deadline for the final day to appeal, creating a procedural impasse. He then entered judgment without ruling on the disclosure motions (ECF 69). Defendants filed their opposition only after the Notice of Appeal had been lodged (ECF 76). This deliberate sequencing obstructed appellate rights, violated due process, and created the appearance of bias. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884 (2009); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

**IV. Clerk Usurpation of Article III Authority**

In parallel with the evasion described in Section III, the appellate Clerk issued a "jurisdictional defect" letter (ECF 7) citing *Borelli* and *Redmond* while omitting Appellant's waiver and Rule 58 filings (ECFs 68, 70, 71, 72, 72-1, 73). Appellees then adopted the directive wholesale (ECF 13). This act exceeded the Clerk's ministerial authority under FRAP 45(b), substituting staff judgment for judicial decision-making. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *Nguyen*, 539 U.S. at 77–81; *Hazel-Atlas Glass Co. v. Hartford-Empire*

*Co.*, 322 U.S. 238, 246 (1944); *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005).

### V. County's Opposition and Preservation

Counsel's opposition (ECF 76) argues mootness, lack of standing, and "counsel of choice." None withstands scrutiny under the conditions required for lawful indemnification.

*Mootness.* As outlined in the Introduction and Section III, Judge Leeson's scheduling order (ECF 63) set the disclosure deadline for the final appeal day, ensuring the issue would evade review. Appellant preserved the conflict objection before judgment (ECF 66) and objected again when judgment was entered without ruling (ECF 69). Taking full advantage, counsel filed opposition (ECF 76) on August 14 -- after notice of appeal was filed. This is not mootness but evasion.

*Standing.* Defendants cite the rule that only a current or former client may move to disqualify counsel. But the recognized exception applies where an ethical breach so infects the litigation that it obstructs a just determination. *Colyer v. Smith*, 50 F. Supp. 2d 966, 971–72 (C.D. Cal. 1999). That exception is met here: County admitted it has no indemnification agreements or waivers, McNees's engagement letter excluded individual defendants, and invoices show

taxpayer funds paid for absent officials who never appeared or answered. The result was to deprive Appellant of default remedies and adversarial process — a concrete injury establishing standing.

***Counsel of Choice.*** Defendants argue each official had counsel of choice, but the record proves otherwise. McNees disclaimed representation of employees, County admitted it has no conflict waivers or authorizing agreements, and no individual defendant appeared or consented. What occurred was not counsel of choice but unauthorized representation funded by public money.

***Structural Impact.*** Because indemnification was neither disclosed nor authorized, the arrangement violated the conditions for lawful public funding and collapsed adversarial structure. This is not an ordinary dispute over representation; it is a structural defect preserved for appellate and Supreme Court review.

**VI. Indispensable Remedial Measures for Lawful Adjudication**

As established in Sections II–V, this case has never been adversarial. Individual defendants never appeared, County-funded counsel purported to represent them without authority, the district judge manipulated deadlines to avoid disclosure, and the Clerk displaced Article III functions with an ultra vires

directive. Because judgments resting on such a record are void ab initio, the following remedial measures are indispensable to restore lawful adjudication:

- Strike the Clerk's directive (ECF 7);
- Vacate all judgments entered without disclosure of representation arrangements;
- Require disclosure of indemnification and funding for the individual defendants;
- Vacate judgments in favor of ghost defendants and disqualify counsel who purported to represent non-clients;
- Reassign under 28 U.S.C. § 292(d), or at minimum disqualify Judge Leeson under 28 U.S.C. § 455;
- Confirm appellate jurisdiction under 28 U.S.C. § 1291, perfected by waiver and Rule 58 filings (ECFs 68, 70, 71, 72, 72-1, 73), as recognized in *Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019), and *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976);
- Adjudicate Appellant's constitutional claims on the merits, not through procedural gamesmanship.

These measures are not sought as motion relief but identified as the minimum conditions required for lawful adjudication. None of this relief is

possible unless the fraud on the court—including the jurisdictional shell games documented above—is brought to an end.

**VII. Preservation for Supreme Court Review**

Appellant expressly preserves all objections to ghost-defendant representation, conflicts of interest, judicial evasion, clerk usurpation, and refusal to recuse. No tribunal may sit in judgment of its own misconduct. If this Court declines to implement the remedial measures identified above, these defects—rooted in a jurisdictional shell game that displaced adversarial process—will be presented to the Supreme Court of the United States. The record has been preserved in full, and relief is not optional but necessary to safeguard the integrity of Article III adjudication.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
September 7, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

                                              Sarah Hyser-Staub PA I.D. No. 315989
                                              Lauren Anthony, PA I.D. No. 324557
                                              100 Pine Street
                                              P.O. Box 1166
                                              Harrisburg, PA 17108-1166
                                              717-232-8000
                                              sstaub@mcneeslaw.com
                                              lanthony@mcneeslaw.com

                                              *Attorneys for Defendants*


                                              Respectfully Submitted,

                                              */s/ Michael Miller*
                                              Michael Miller
                                              108 N. Reading Rd., Ste F, 246
                                              Ephrata, Pennsylvania 17522
                                              717-388-0163
Dated: September 7, 2025                    reaganfive@protonmail.com