IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

MICHAEL MILLER
Appellant,

v.

COUNTY OF LANCASTER, ET. AL.,
Appellees.

Civ. No: 25-2570

(DC case: 5:24-cv-05338)

## APPELLANT'S REPLY IN SUPPORT OF MOTION TO VACATE AS VOID FOR FRAUD ON THE COURT (ECF 14)

Appellees' Response (ECF 18) does not meet the Motion (ECF 14) on law or fact. It cites no authority, denies none of the record allegations, and instead relies on name-calling—labeling the motion "baseless," "scandalous," and "abuse." By "standing on prior briefing" that merely re-endorsed the Clerk's ultra vires letter, ECF 18 proves the very laundering dynamic identified in ECF 14. In short, the Response is skeletal denial of the kind condemned in *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991), leaving fraud on the court unrebutted.

**I. Silence Equals Concession**

ECF 18 does not attempt to rebut the authorities or arguments set out in ECF 14. It ignores *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944),

1

*Herring v. United States*, 424 F.3d 384 (3d Cir. 2005), *Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019), and the waiver filings that perfected finality under *Weber* and *Borelli*. Courts treat such silence as waiver. *Skretvedt v. DuPont*, 372 F.3d 193, 202–03 (3d Cir. 2004); *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

**II. Reliance Confirms Laundering**

Instead of engaging the Motion, Appellees reaffirm reliance on Judge Leeson's refusal to rule and the Clerk's "jurisdictional defect" letter (ECF 7). This is not rebuttal but confirmation of the laundering scheme identified in ECF 14: judicial abdication manufactured a false "non-finality," the Clerk exploited it with an ultra vires directive, and counsel adopted both as if they were adversarial law.

The three acts are interdependent. The judge's refusal created the procedural gap, the Clerk's directive converted that gap into a supposed jurisdictional defect, and Appellees' briefs laundered both into the record as adversarial authority. As *Hazel-Atlas* makes clear, when multiple officers of the court collaborate to repurpose the judicial process as a partisan tool, Article III ceases to function as neutral adjudication.

**III. Fraud Elements Are Uncontested**

ECF 14 demonstrated that all four elements of fraud on the court under *Herring* are met. ECF 18 does not dispute a single one. It does not deny that the

judge refused to rule, that the Clerk omitted dispositive filings, or that counsel adopted those omissions. Adjectives are not rebuttal. Under *Nguyen v. United States*, 539 U.S. 69, 80–81 (2003), and *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 271 (2010), silence leaves the elements conceded and the resulting record void.

## IV. Systemic Pattern Confirms Intent

ECF 14 documented recurrence of the same devices in Appeals 24-2934. ECF 18 does not deny this pattern. That silence corroborates the showing of intent: the misconduct is structural, not isolated. Under *Hazel-Atlas* and *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860–62 (1988), such systemic fraud renders judgments void ab initio.

## V. Relief Is Necessary

Because ECF 18 fails to contest the showing in ECF 14, the record of fraud on the court stands unrebutted. The only remedy consistent with Article III is to vacate ECFs 7, 13, and 18, confirm jurisdiction, direct merits briefing before a neutral panel, prohibit future clerk-issued jurisdictional rulings, and impose sanctions for frivolous filings.

**Conclusion**

ECF 18 proves Appellant's point: Appellees cannot engage the law or the record, only echo the district judge's abdication and the Clerk's ultra vires directive. Their skeletal denial is precisely what *Dunkel* forbids. Fraud on the court remains unrebutted, and vacatur is the only remedy consistent with Article III.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
September 8, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

          Sarah Hyser-Staub PA I.D. No. 315989
          Lauren Anthony, PA I.D. No. 324557
          100 Pine Street
          P.O. Box 1166
          Harrisburg, PA 17108-1166
          717-232-8000
          sstaub@mcneeslaw.com
          lanthony@mcneeslaw.com

*Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
Dated: September 8, 2025    reaganfive@protonmail.com