UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 25-2570<br><br>(DC case: 5:24-cv-05338)<br><br><br><br>(e-filed) |

## APPELLANT'S MOTION TO STRIKE AND VACATE FRAUDULENTLY ATTRIBUTED CLERK'S FILING (ECF NO. 7)

## I.  INTRODUCTION

Appellant moves the court to provide relief from ECF No. 7 in Appeal No. 25-2570 ("Jurisdiction Defect Letter"), a document that on its face bears the typed signature "s/ Patricia S. Dodszuweit, Clerk" but which the Clerk's Office has admitted was authored and filed by an undisclosed staff assistant identified only as "Stephen." Under Local Appellate Rule 113.9, the login credential constitutes the true legal signature, and the "s/ [Name]" block is the official attestation of authorship. Because the visible attestation was false, the filing was fraudulently attributed, issued without lawful authority, and threatens dispositive adjudication without judicial involvement. Such a document is not merely irregular; it is a

1

structural nullity and fraud on the court under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and *Nguyen v. United States*, 539 U.S. 69 (2003).

Appellant therefore moves to strike and vacate ECF No. 7, compel disclosure of the circumstances of its issuance, and impose safeguards to prevent further impersonation of judicial or clerk authority.

---

## II. FACTUAL BACKGROUND RELEVANT TO L.A.R. 113.9 (ELECTRONIC FILING IN THIRD CIRCUIT APPELLATE PROCEDURE)

On September 22 and September 23, 2025, Appellant contacted the Clerk's Office concerning ECF No. 7 in Appeal No. 25-2570 ("Jurisdiction Defect Letter"). Case Manager James King and Deputy Clerk Maureen [spelling uncertain] each confirmed that the Clerk of Court, Patricia S. Dodszuweit, did not author or file ECF No. 7. Instead, they represented that an individual identified only as "Stephen" executed the filing. When pressed, neither official the Clerk's Office could/would not:

- explain who "Stephen" was,

- provide his last name or any further identification,

- identify his official role in the Court,

- transfer Appellant's call to him (or to Patricia), or

- cite any rule authorizing him to issue dispositive correspondence under the Clerk's name.

Nor could either official identify any Federal Rule of Appellate Procedure, Local Appellate Rule, or Standing Order that authorized "Stephen" — or even Patricia — to file the Jurisdiction Defect Letter in the form it appeared. The office further admitted that Patricia herself had no involvement whatsoever in creating or filing ECF No. 7.

Thus, by the Clerk's own staff, the visible attestation "s/ Patricia S. Dodszuweit, Clerk" was confirmed to be false, and the only identified actor was an unnamed administrative assistant – "Stephen" with no disclosed rule-based authority who had acted in Appellant's case.

---

## III. ARGUMENT

## Fraud by False Attribution Under Third Circuit Local Rule 113.9

## A. Rule 113.9 Establishes the Governing Standard

Local Appellate Rule Misc. 113.9 provides:

- **(a)** *"The user log-in and password required to submit documents to the electronic filing system serve as the Filing User's signature on all electronic documents filed with the court."*

- **(b)** *"The name of the Filing User under whose log-in and password the document is submitted must be preceded by an 's/' and typed in the space where the signature would otherwise appear."*

- **(c)** *"No Filing User or other person may knowingly permit or cause to permit a Filing User's log-in and password to be used by anyone other than an authorized agent of the Filing User."*

This rule establishes two distinct requirements:

1. The true legal signature is the hidden login credential.

2. The visible "s/ [Name]" block is the official attestation of who filed the document.

Because litigants never see the credential, the "s/" line is the only outward indicator of authorship and accountability.

---

## B. The Jurisdiction Defect Letter Contradicts Rule 113.9

On August 14, 2025, the Clerk's Office issued a letter threatening dismissal of Appeal No. 25-2570 for lack of jurisdiction. The document concluded:

"s/ Patricia S. Dodszuweit, Clerk"

"By: Stephen, Administrative Assistant."

This presentation is irreconcilable with Rule 113.9:

- **If Stephen used his own login:**

  Subsection (b) was violated. The name of the Filing User must match the credential, but the document attested "s/ Patricia." That was false attribution.

- **If Stephen used Patricia's login:**

  Subsection (c) was violated. A Filing User may not permit another person to use their credential, except as narrowly defined agency. Even if Stephen were deemed an "agent," the visible attestation "s/ Patricia" still misrepresented authorship by suggesting Clerk authorship when the filing was in fact executed by staff.

Either way, the only visible attestation — "s/ Patricia S. Dodszuweit, Clerk" — was false.

---

## C. Procedural History Reinforcing Fraud-by-False-Attribution

Appellant has not raised this defect belatedly. In **ECF 14** (24-2934), filed in October, 2024, Appellant objected that clerical actions purporting to stay briefing and list appeals for summary action were ultra vires under FRAP 27 and L.A.R. 27.4–27.6. Likewise, when the "Jurisdiction Defect" letter (ECF 7 in 25-2570) issued, Appellant again objected contemporaneously, filing **ECF 8** ("Response and Objection to Clerk's Action") and **ECF 9** ("Motion to Strike Clerk's Ultra Vires

Directive"). Those filings documented that the letter was fact-specific legal analysis issued by staff, not judges, and therefore impermissible.

The Court did not remedy the defect. Staff continued to act under the name "s/ Patricia S. Dodszuweit, Clerk" while admitting that Patricia S. Dodszuweit had no involvement. The present Rule 113.9 analysis supplements that record by demonstrating that these documents were not merely ultra vires but also fraudulently attributed: they bore the Clerk's name while being executed by an undisclosed staff assistant.

---

## D. Structural Consequences

- **Opacity:** Because the credential signature is concealed, the "s/" block is the only outward evidence of authorship. Here it was inaccurate.

- **False Attribution:** The document officially presented the Clerk as signer, while disclosing that it was executed by staff.

- **Fraud on the Court:** Misrepresenting a staff-authored directive as a Clerk-signed order constitutes fraud on the court (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Herring v. United States*, 424 F.3d 384 (3d Cir. 2005)).

- **Voidness:** Because the letter threatened dispositive action without Clerk or judicial authentication, it is a nullity under *Nguyen v. United States*, 539 U.S. 69 (2003).

**Arguendo.** Even if the Court were to rely on commentary appended to Rule 113.9 — which provides that "the task of electronic filing may be delegated to an authorized agent" and that use of the Filing User's login by such an agent "constitutes a signature by the Filing User" — the outcome here is still fatal. That commentary applies to parties and attorneys, not court staff generating dispositive jurisdictional rulings in the Clerk's name. And even under its terms, delegation must use the Filing User's actual login credential; otherwise the "s/" block is false attribution. In this case, whether Stephen filed under his own credential (making "s/ Patricia" false) or under Patricia's (making delegation improper for a dispositive order), the representation of Clerk authorship remained untrue.

Moreover, the problem is not only one of authentication but also of impersonation. Patricia S. Dodszuweit, Clerk is not authorized to issue dispositive jurisdictional rulings of this nature; still less could "Stephen," an undisclosed administrative assistant with no defined role in the Rules. Thus, even under the most generous reading of the commentary, the Jurisdiction Defect Letter was issued without lawful authority, making it both a structural nullity and a fraud on the court.

## IV. PREMPTIVE OBJECTIONS

### 1. "This was just an administrative notice."

The document did not simply advise of a deficiency. It expressly threatened dispositive action: that the appeal would be submitted for dismissal. And further ordered briefing parameters as part of resolution. That is judicial function, not housekeeping.

### 2. "Stephen was an authorized agent."

Even if authorized, the visible "s/ Patricia" block attested that Patricia herself was the Filing User. The Clerk's Office admitted she was not. If Stephen used his own login, Rule 113.9(b) was violated. If he used Patricia's, Rule 113.9(c) was violated. Either path produces false attribution.

### 3. "This was a harmless irregularity."

Fraud on the court arises when the judicial process is compromised, not only when prejudice is shown. *Hazel-Atlas*, 322 U.S. at 246. A filing that misrepresents who exercised judicial power cannot be harmless; it nullifies adjudication itself.

### 4. "Clerks have authority to issue jurisdictional letters."

Clerks may transmit notices, but no rule authorizes them to adjudicate jurisdiction or threaten dismissal. *Nguyen*, 539 U.S. at 73. Here, staff acted without such authority and under false attribution, rendering the letter void ab initio.

8

**5. "There is no proof of fraud."**

Proof lies in the Clerk's own admissions: Patricia did not author or file ECF No. 7; an undisclosed staffer named "Stephen" did. Fraud on the court does not require intent to deceive; it requires corruption of the judicial process. *Herring*, 424 F.3d at 386–87.

---

**V. RELIEF REQUESTED**

WHEREFORE, Appellant moves the Court as follows:

- **Vacatur:** Declare the Jurisdiction Defect Letter void as fraudulently attributed.

- **Purge:** Strike the document from the docket to preserve the integrity of the appellate record.

- **Compelled Disclosure:** Order the Clerk's Office to produce records establishing:

  - who "Stephen" is, his role, and under what claimed authority he acted;

  - what login credential was used to file ECF No. 7; and

  - whether Patricia S. Dodszuweit is in fact serving as the duly appointed and acting Clerk of Court.

- **Authentication of Office:** Require formal certification or other competent evidence that Patricia S. Dodszuweit presently holds and exercises the office of Clerk, and that any person filing in her name does so lawfully.

- **Safeguards:** Direct that future dispositive orders must be filed only by Article III judges or, at minimum, by the Clerk personally through her credential, not by undisclosed staff using "s/" blocks.

- **Integrity Oversight:** Refer the matter to appropriate oversight authorities, as impersonation of judicial or clerk authority raises systemic integrity concerns.

- **Such and other relief** as the Court may deem just and proper.

---

## VI. CONCLUSION

Rule 113.9 makes the login credential the true signature and the "s/" block the visible attestation. In the Jurisdiction Defect Letter, the credential and the attestation did not match. The record presented Patricia S. Dodszuweit as signer, while disclosing that staff executed the filing. That contradiction renders the document a fraud on the court and a structural nullity.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246

10

Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
September 24, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the

foregoing document to the following:

Sarah Hyser-Staub PA I.D. No. 315989
Lauren Anthony, PA I.D. No. 324557
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
717-232-8000
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

*Attorneys for Defendants*

Respectfully Submitted,

*/s/ Michael Miller*
Michael Miller
108 N. Reading Rd., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
Dated: September 24, 2025     reaganfive@protonmail.com