IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 25-2570<br><br>(DC case: 5:24-cv-05338) |

# NOTICE OF CONTINUING STRUCTURAL INJURY

## I. Ninety Days of Silence Has Left an Ultra Vires Clerk Action in Control of the Appeal

Appellant gives notice of continuing structural injury caused by unresolved administrative interference with access to Article III adjudication. More than ninety days have passed since Appellant filed objections to the Clerk's ultra vires "jurisdictional defect" directive (ECF 7) and the Motion to Strike that directive (ECF 9). As of December 1, 2025, no Article III judge has ruled on either filing.

## II. The Clerk's Unauthorized Legal Analysis Continues to Displace Article III Authority

1

The Clerk's issuance of ECF 7 supplied case-specific legal argument adverse to Appellant, applied *Borelli* and *Redmond* to disputed facts, and created a faux briefing schedule without judicial authorization. The Court's ninety-day silence leaves this clerk-issued adjudicative act in place, displacing Article III authority and deepening the appearance of partiality under 28 U.S.C. § 455(a).

## III. By Failing to Act, the Court Has Effectively Ratified Unauthorized Participation

The prolonged inaction functions as de facto ratification of the clerk's participation. Under *Nguyen*, judgments influenced by unauthorized personnel are void ab initio. The failure to rule allows ECF 7 to continue to shape the jurisdictional question, granting staff ongoing control over a matter the Constitution reserves to judges.

## IV. The Court Has Also Ignored a Pending Fraud-on-the-Court Motion, Leaving Misconduct Untouched

The Court has also ignored Appellant's Motion to Vacate as Void for Fraud on the Court (ECF 14). That filing documents intentional misconduct by Judge Leeson, the Third Circuit Clerk, and Appellees' counsel and shows how each act satisfies all four *Herring* elements. The Court's silence leaves these fraud

allegations unrebutted and further confirms that administrative personnel, not Article III judges, are directing the trajectory of this appeal.

## V. The Same Administrative Scheme That Nullified Appeal 24-2934 Is Now Operating Here

The same administrative device that nullified Appellant's prior appeal, No. 24-2934, is now operating here. As shown in the Executive Summary of clerk usurpation (), the Clerk's Office in 24-2934 initiated summary action through ECF 11-1, stayed briefing, fabricated a submission date, and issued an unsigned memorandum and judgment based entirely on the administrative predicate. No judge addressed Appellant's objections. The appeal was never adjudicated by judges.

## VI. Appeal 25-2570 Replicates the Fraud Device Step-for-Step

The sequence in 25-2570 replicates that scheme. Two days after the Notice of Appeal, the Clerk issued ECF 7, invoking *Borelli* and *Redmond* while omitting the finality-perfecting filings (ECFs 68, 70, 71, 72, 72-1, 73) required under *Weber* and *Borelli*. No Article III judge has addressed the objections or the Motion to Strike. The appeal is again controlled by staff, not by a judicial panel.

## VII. The Recurrence Across Appeals Shows a Systemic Practice, Not an Isolated Irregularity

The continuity between 24-2934 and 25-2570 establishes a systemic practice. In both cases, administrative personnel initiated dispositive procedures, substituted clerical directives for judicial orders, left objections unanswered, controlled procedural predicates, treated unauthenticated documents as judgments, and prevented access to an Article III tribunal. These recurrences show an institutional pattern of clerk-driven control over Appellant's ability to obtain judicial review.

## VIII. The Deprivation Is Intentional and Substantive, Not Technical or Accidental

Across all three courts—district court, Court of Appeals, and Supreme Court—no judicial officer has reviewed any filing Appellant submitted. Administrative personnel have issued, processed, and determined every dispositive filing. Appellant has never received a hearing, conference, oral argument, or any opportunity to be seen or heard by a judge or Justice.

This deprivation is not a matter of technical non-compliance or administrative error. At each level, staff intentionally inserted themselves into adjudicative functions and prevented Appellant's filings from reaching judicial

4

officers. These deliberate acts eliminated the judicial review guaranteed by Article III, FRAP, L.A.R., FRCP, 28 U.S.C. § 636, and Supreme Court Rule 22.

## IX. The Supreme Court Has Now Adopted the Same Administrative Blockade

A parallel administrative blockade now exists at the Supreme Court. Since October 8, 2025, Supreme Court administrative personnel have refused to transmit Appellant's Rule 22, Rule 23, and Rule 11 applications to Justice Alito, in violation of Supreme Court Rule 22(1). Defendant Meek stated that the filings "will not be transmitted per Clerk's direction," and Defendants Harris and Meek returned the materials asserting lack of jurisdiction. In *Trump v. Slaughter*, No. 25A264, the Clerk transmitted a Rule 22 application without obstruction, demonstrating that the blockade imposed on Appellant is discretionary and improper.

## X. These Combined Acts Create a Single Continuing Structural Injury

These combined actions constitute a single, continuing structural injury. The Court's refusal to address ECF 7, the replication of the 24-2934 scheme in 25-2570, and the Supreme Court's refusal to transmit emergency applications collectively deny Appellant access to judicial review. Administrative personnel continue to exercise a functional veto over whether Appellant's constitutional

claims reach an Article III decision-maker, violating Article III, FRAP 27 and 45, the Third Circuit Local Rules, Supreme Court Rule 22(1), and due process.

## XI. Appellant Preserves All Objections and Requests Immediate Judicial Correction

Appellant preserves every objection for further review. Appellant requests immediate judicial correction, including: (a) a ruling on the objections to ECF 7; (b) confirmation that administrative personnel may not decide or block access to Article III adjudication; and (c) restoration of a lawful appellate process.

## XII. Preservation of Objections Is Express and Comprehensive

Appellant preserves objection to every clerk-issued action unless and until an Article III judge reviews and affirms it on the record. Appellant further preserves the argument that the Court's silence is itself a structural defect, because inaction that allows an ultra vires act to control the appeal violates Article III and due process under *Nguyen*, *Goldberg*, and *Liljeberg*.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
December 1, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

        Sarah Hyser-Staub PA I.D. No. 315989
        Lauren Anthony, PA I.D. No. 324557
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-1166
        717-232-8000
        sstaub@mcneeslaw.com
        lanthony@mcneeslaw.com

        *Attorneys for Defendants*

        Respectfully Submitted,

        <u>*/s/ Michael Miller*</u>
        Michael Miller
        108 N. Reading Rd., Ste F, 246
        Ephrata, Pennsylvania 17522
        717-388-0163
Dated: December 1, 2025    reaganfive@protonmail.com