IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 25-2570<br><br>(DC case: 5:24-cv-05338) |

**MOTION FOR JUDICIAL NOTICE OR, IN THE ALTERNATIVE, FOR LIMITED SUPPLEMENTATION OF THE RECORD; AND FOR ORDER TO SHOW AUTHORITY OR LIMITED REMAND**

Appellant Michael Miller ("Miller"), pro se, respectfully moves under Fed. R. Evid. 201 and, in the alternative, Fed. R. App. P. 10(e)(2)(B), for an order taking judicial notice of, or supplementing the record with, the three public documents reproduced at App. 1–30. This matter was raised in E.D. ECFs 51, 63, 69, 76, and in this appeal in ECF 17 and remains unaddressed by the court.

The requested notice/supplementation is limited to undisputed adjudicative facts concerning (1) the issuance of those documents and (2) the contents of those documents, including Appellee/Defendant County of Lancaster's sworn statements and penalty-of-perjury attestation, after a search, that no records were found

1

responsive to Item 9(A) (joint-representation authorizations and conflict waivers/consents). App. 24, 30 (Exs. 2–3).

Miller further requests an order requiring Appellees' counsel to show the source of authority to represent each individual-capacity defendant, or, alternatively, a limited remand for that determination. Counsel authority is antecedent to merits disposition. County of Lancaster's sworn statements and penalty-of-perjury attestation, after a search, that no responsive Item 9(A) writings were found bear on the threshold question whether counsel could lawfully and ethically appear and litigate on behalf of individual-capacity defendants in a joint-defense posture with the County entity. App. 24, 30 (Exs. 2–3). Miller files a brief in support.

**RELIEF REQUESTED**

Miller moves the Court to enter an order:

1. Taking judicial notice of the documents identified in Section I.A–I.C below; or

2. In the alternative, supplementing the record with the same documents solely to correct any omission or misstatement and to ensure the appellate record reflects the existence and contents of these public adjudicative records; and

3. Directing Appellees' counsel, within fourteen (14) days, to file a declaration identifying the source of authority to represent each individual-capacity defendant in this case (for each defendant: personal retention/engagement, written authorization, insurer appointment, County authorization, or other), and stating whether any written joint-representation conflict waiver/consent exists; or, in the alternative,

4. Remanding for the limited purpose of determining counsel authority for the individual-capacity defendants and whether any Item 9(A) joint-representation authorization/conflict-waiver records exist within Appellees' possession, custody, or control.

**I. DOCUMENTS FOR NOTICE OR SUPPLEMENTATION**

*A. Pennsylvania Office of Open Records Final Determination, OOR Dkt. AP 2025-3535 (Final Determination "ISSUED AND MAILED: December 29, 2025")*, including the concluding order requiring County of Lancaster, within thirty days, to "conduct a good faith search" and produce records responsive to subitem 9(A) and requiring an attestation made under penalty of perjury or sworn affidavit if no records are discovered. App. 1–20, 18–19 (Ex. 1).

*B. County of Lancaster Open Records Officer Tammy L. Bender's January 28, 2026 letter to Miller (Re: "County of Lancaster Right to Know*

3

*Request 876-2025 and Pennsylvania Office of Open Records Appeal No. 2025-3535")*, stating that, "[a]fter a thorough search of the County's records as well as consult[ation] with the County's counsel handling the Miller matters, no records were found within the scope" of Item 9(A) ("Joint-Representation Authorizations and Conflict Waivers"). App. 21–25, 24 (Ex. 2).

***C. County of Lancaster Open Records Officer Tammy Bender's affidavit dated January 29, 2026, executed pursuant to 18 Pa.C.S. § 4904***, stating: "In response to Mr. Miller's request regarding Paragraph 9(a), I conducted a diligent and thorough search of the County's records and found no responsive records to Mr. Miller's request." App. 26–30, 27, 30 (Ex. 3).

**II. GROUNDS**

1. Judicial notice is appropriate. Each exhibit is a public record capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

2. The Court may take notice of the existence and contents of the documents as public records. Miller offers Exhibits 1–3 solely for the fact of issuance and the positions stated, not for the truth of any disputed narrative assertions.

3. Limited relevance. The documents bear on an antecedent procedural issue affecting party status and the validity of counsel's acts on behalf of

4

individual-capacity defendants. The Court need not adjudicate Pennsylvania Right-to-Know Law merits. The Court need only notice what the public documents say. App. 24, 30 (Exs. 2–3).

4. Appellees may be heard on the propriety and scope of judicial notice in any response to this motion. Fed. R. Evid. 201(e).

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
January 30, 2026

## CERTIFICATE OF SERVICE

I hereby certify that this day I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

>Sarah Hyser-Staub
>PA I.D. No. 315989
>100 Pine Street
>Harrisburg, PA 17101
>717-237-5473
>sstaub@mcneeslaw.com

>Respectfully submitted,
>*/s/ Michael Miller*
>MICHAEL MILLER
>108 North Reading Road., Ste F, 246
>Ephrata, Pennsylvania 17522
>717-388-0163
>reaganfive@protonmail.com
>January 30, 2026