IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 25-2570<br><br>(DC case: 5:24-cv-05338) |

**BRIEF IN SUPPORT OF MOTION FOR JUDICIAL NOTICE OR, IN THE ALTERNATIVE, FOR LIMITED SUPPLEMENTATION OF THE RECORD; AND FOR ORDER TO SHOW AUTHORITY OR LIMITED REMAND**

**I. ISSUE PRESENTED**

Whether the Court should take judicial notice of, or supplement the record with: (1) the Pennsylvania Office of Open Records Final Determination, OOR Dkt. AP 2025-3535, ordering County of Lancaster to conduct a good-faith search and produce Item 9(A) records (joint-representation authorizations and conflict waivers/consents) and requiring a penalty-of-perjury attestation or sworn affidavit if no records are discovered, App. 1–20, 18–19; (2) County of Lancaster's January 28, 2026 letter stating that, after a "thorough search" and consultation with counsel, "no records were found within the scope" of Item 9(A), App. 21–25, 24;

1

and (3) County of Lancaster's January 29, 2026 affidavit stating that a "diligent and thorough search" found "no responsive records" for Paragraph 9(a), App. 26–30, 30; and whether the Court should order Appellees' counsel to show authority to represent each individual-capacity defendant (or remand for that limited determination) because County of Lancaster's sworn statements and penalty-of-perjury attestation, after a search, that no responsive writings were found are material to counsel authority, prejudice, and the procedural regularity of dispositive filings treated as acts of the individual defendants.

## II. STANDARD

Fed. R. Evid. 201 permits judicial notice of adjudicative facts not subject to reasonable dispute that are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Public records and agency adjudications fall within that principle when offered for existence and contents.

Fed. R. App. P. 10(e)(2)(B) permits limited supplementation to correct an omission or misstatement and to ensure the record accurately reflects procedural reality relevant to an appellate issue.

Under Fed. R. App. P. 27, the Court may enter procedural orders necessary to resolve an antecedent issue affecting party status and counsel authority.

2

## III. ARGUMENT

*A. The Appendix materials are indisputably authentic public records and are offered for a proper Rule 201 purpose.*

Appendix Exhibit 1 is an agency adjudication issued by the Pennsylvania Office of Open Records. App. 1–20. Appendix Exhibit 2 is County of Lancaster Open Records Officer Tammy L. Bender's written correspondence to Miller responding to the OOR Final Determination. App. 21–25. Appendix Exhibit 3 is Tammy Bender's affidavit executed pursuant to 18 Pa.C.S. § 4904. App. 26–30. Miller offers Exhibits 1–3 for adjudicative facts suitable for judicial notice: the issuance of the documents and the contents of the documents, including the positions stated. Miller does not ask the Court to accept the truth of any disputed narrative assertions beyond the fact that the documents were issued and state what the documents state.

*B. The Court should notice the existence and contents of the Appendix materials, or alternatively supplement the record, for limited purposes.*

Miller does not ask the Court to adjudicate Pennsylvania Right-to-Know Law issues. Miller asks the Court to notice only that:

1. The OOR required County of Lancaster to conduct a good-faith search and produce records responsive to subitem 9(A) ("Joint-Representation Authorizations and Conflict Waivers") and required a penalty-of-perjury

3

attestation or sworn affidavit if no records were discovered. App. 4–5, 18–19 (Ex. 1).

2. County of Lancaster thereafter stated—by letter and by affidavit—that County of Lancaster found no records responsive to Item 9(A)/Paragraph 9(a) after a search and consultation with counsel. App. 24, 30 (Exs. 2–3).

Those limited adjudicative facts are capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). In the alternative, the Court may supplement the record to ensure that the appellate record reflects those public adjudicative records and the procedural posture created by those records. Fed. R. App. P. 10(e)(2)(B).

### C. Counsel authority must be resolved before treating the individual-capacity defendants as properly represented parties for dispositive filings.

Miller challenges whether counsel possessed authority to appear and file dispositive motions on behalf of individual-capacity defendants absent any written joint-representation authorization and written conflict-waiver/consent predicates, where County of Lancaster's sworn statement and penalty-of-perjury attestation, after a search, are that no such responsive writings were found. App. 24, 30.

The issue matters statutorily because Pennsylvania conditions County-provided employee defense and County-controlled joint representation on written predicates, including written employee request and, when the interests of an

4

employee and a local agency conflict, express written employee consent or independent representation. 42 Pa.C.S. § 8547(a)–(c).

The issue matters prejudicially because dispositive filings were adjudicated as authorized acts of individual defendants, thereby terminating claims against individuals as though the individuals lawfully defended the action through authorized counsel.

The issue matters procedurally because the Court cannot assume proper representation authority while simultaneously accepting a record that County of Lancaster's sworn statement and penalty-of-perjury attestation, after a search, are that the authorization/waiver predicate writings were not found as responsive records. App. 24, 30. Counsel authority is antecedent to merits disposition because counsel authority determines whether filings are valid acts of the individual parties for purposes of dispositive rulings and appellate merits review.

***D. The requested remedy is narrow and does not require merits discovery or Pennsylvania Right-to-Know Law adjudication.***

The requested order to show authority (or limited remand) requires Appellees' counsel to identify the asserted source of authority for each individual-capacity defendant. The requested remedy requires no adjudication of Pennsylvania Right-to-Know Law enforcement and no reopening of merits discovery. The requested remedy is limited to identifying the asserted basis for

5

counsel's authority to appear for each individual-capacity defendant, which is a necessary procedural predicate to treating filings as valid acts of those individual parties.

## IV. CONCLUSION

The Court should take judicial notice of Appendix Exhibits 1–3 or, alternatively, supplement the record with Appendix Exhibits 1–3, and the Court should order Appellees' counsel to show authority (or remand for that limited determination).

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
January 30, 2026

## CERTIFICATE OF SERVICE

I hereby certify that this day I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

>Sarah Hyser-Staub
>PA I.D. No. 315989
>100 Pine Street
>Harrisburg, PA 17101
>717-237-5473
>sstaub@mcneeslaw.com

>Respectfully submitted,
>*/s/ Michael Miller*
>MICHAEL MILLER
>108 North Reading Road., Ste F, 246
>Ephrata, Pennsylvania 17522
>717-388-0163
>reaganfive@protonmail.com
>January 30, 2026