**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

| | | |
|---|---|---|
| MICHAEL MILLER, Appellant, | : | |
| v. | : | No. 25-2570 |
| COUNTY OF LANCASTER, *et al.*, Appellees | : | |

**APPELLEES' RESPONSE TO APPELLANT'S**
**"MOTION FOR JUDICIAL NOTICE" (DOC. NO. 23)**

Appellees County of Lancaster, Tammy Bender, Jacqueline Pfursich, Joshua Parsons, Ray D'Agostino, and Christa Miller (together, "Appellees"), by and through their undersigned counsel, hereby respond to *pro se* Appellant Michael Miller ("Miller")'s "Motion For Judicial Notice or, in the Alternative, for Limited Supplementation of the Record; and for Order to Show Authority or Limited Remand" (Doc. No. 23).

Miller's Motion asks this Court to take judicial notice of documents filed in litigation concerning Right to Know Requests Miller has been pursuing using Pennsylvania's Right to Know proceedings, among other actions directed at Appellees' counsel. The documents and information with which Miller is concerned relate to the representation of Appellees by counsel in this case. For the

reasons discussed below, Appellees respectfully request that the Court deny the Motion.[1]

*First*, the Motion should be denied because the information of which Miller would like this Court to take judicial notice has no bearing on this case. While Miller goes to great lengths to emphasize what he views as the importance of certain documents produced by the County in response to his Right to Know requests relating to representation of the County or its employees, Miller's requests ultimately have nothing to do with the instant appeal, where the case has been listed for potential dismissal due to procedural issues caused by Miller lodging a defective appeal for the second time before this Court. (Doc. No. 7).

*Second*, to the extent Miller is alleging that the Court should take notice of the subject information due to an alleged conflict of interest affecting Appellees' representation, Miller's assertion as to an alleged conflict is baseless.

Miller has no standing to object to the County of Lancaster providing a defense to its employees and representatives. Nor does Miller have standing to assert that the County's solicitor has a conflict of interest. The general rule among

[1] Miller appears to have also filed a motion for judicial notice on January 30, 2026 that was docketed at Doc. No. 22. The Court's docket indicates that Miller subsequently filed a corrected motion for judicial notice on the same date at Doc. No. 23, which contains exhibits. Accordingly, Appellees' response is directed to the motion appearing at Doc. No. 23.

the federal courts "is that only a current or former client has standing to seek disqualification of an attorney from a matter pending before a federal court." *See Mills v. Hausmann-McNally, S.C.*, 992 F.Supp.2d 885, 891 (S.D. Ind. 2014) (citing *In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 88 (5th Cir.1976); *see also Tizes v. Curico*, No. 94 C 7657, 1997 WL 116797, at *2 (N.D.Ill. Mar. 12, 1997)). This general rule is "designed to protect the interests of those harmed by conflicting representations rather than serve as a weapon in the arsenal of a party opponent." *Id.* A court may disqualify an attorney only when "'disqualification is an appropriate means of enforcing the applicable disciplinary rule[,]' keeping in mind 'any countervailing policies, such as permitting a litigant to retain the counsel of his choice and enable attorneys to practice without excessive restrictions.'" *Jackson v. Rohm & Haas Co*., 366 F. App'x 342, 347 (3d. Cir. 2010) (alteration in original) (quoting *U.S. v Miller*, 624 F.2d 1198, 1201 (3d. Cir. 1980)). Federal courts have recognized an exception to the above-mentioned general rule, allowing a non-client to move to disqualify an attorney where "the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims." *See Colyer v. Smith*, 50 F. Supp. 2d 966 (C.D. Cal. 1999).

Here, neither the general rule nor the exception applies. Miller is not a current or former client of the County of Lancaster or its counsel. Moreover,

Miller fails to demonstrate that there is any conflict in Appellees' representation, let alone that any alleged conflict involving Appellees' representation has caused, or will cause, him any injury. For example, Miller cannot demonstrate that any alleged conflict involving Appellee's representation would violate his right to procedural or substantive due process. Each defendant named in this action has the right to present a defense against Miller's claims through counsel of their own choosing.

Miller also fails to provide any factual support for his suggestion that the County of Lancaster's solicitor acted outside her authority or that Appellees' representation by counsel was improper under any set of applicable ethics rules.

Indeed, in an earlier appeal before this Court docketed at Case Number 25-1423, Miller filed a motion to supplement the record with what he termed "evidence of [a] structural conflict and unauthorized representation" (Third Circuit No. 25-1423, Doc. No. 29). In response, Appellees noted, in pertinent part, that the Motion was meritless for the same reasons as discussed above: (1) that Miller had no standing to object to the County of Lancaster providing a defense to its employees and representatives or to claim the County's Solicitor has an alleged conflict of interest; and (2) that Miller failed to provide any factual support for his suggestion that the County's Solicitor acted outside her authority or that Appellees' representation by counsel was otherwise improper. (Third Circuit No. 25-1423,

Doc. No. 32). This Court ultimately dismissed that appeal for lack of appellate jurisdiction and denied Miller's various motions and other requests for relief. (Third Circuit No. 25-1423, Doc. No. 34). Miller now attempts to assert the same baseless claims of an alleged conflict before this Court in yet another appeal.

At bottom, there is no basis for Miller to request judicial notice of the proceedings his Motion concerns (or any of the other relief that the Motion seeks) because documents produced in Miller's Right to Know proceedings have no bearing on the instant case. Further, to the extent Miller is suggesting that the Right to Know proceedings discussed in his Motion are relevant due to an alleged conflict affecting Appellees' representation, such an argument is meritless for the reasons discussed above and in other litigation before this Court. Accordingly, Appellees respectfully request that the Court deny the instant Motion and continue with its adjudication of this appeal as it deems appropriate.

[*Remainder of Page Intentionally Left Blank. Signature Block to Appear on Following Page.*]

Respectfully submitted,

MCNEES WALLACE & NURICK LLC

By: /s/ Sarah H Staub

Sarah Hyser-Staub, Esquire
Lauren Anthony, Esquire
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 237-5473
sstaub@mcneeslaw.com
lanthony@mcneeslaw.com

Date: February 9, 2026

*Counsel for Appellees*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this Response complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,049 words, according to the Word Count feature of Microsoft Word.

Sarah H Staub
Sarah Hyser-Staub

*Counsel for Appellees*

Date: February 9, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all parties through the Court's Electronic Case Filing System.

Sarah H Staub

Sarah Hyser-Staub

*Counsel for Appellees*

Date: February 9, 2026