IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 25-2570<br><br>(DC case: 5:24-cv-05338) |

# REPLY BRIEF IN SUPPORT OF MOTION FOR JUDICIAL NOTICE OR, IN THE ALTERNATIVE, FOR LIMITED SUPPLEMENTATION OF THE RECORD; AND FOR ORDER TO SHOW AUTHORITY OR LIMITED REMAND

## I. INTRODUCTION AND DISPOSITION REQUESTED

This Reply supports Miller's Motion for Judicial Notice (or, alternatively, for limited supplementation of the record) and for an Order to Show Authority or limited remand. (ECF 23.)

County's opposition (ECF 25) does not dispute authenticity, public-record status, or the contents of the three noticed documents. County instead (1) invokes the Clerk's screening letter (Doc. 7) as if dispositive, (2) mischaracterizes the motion as a disqualification request to litigate "standing to disqualify," and (3)

1

adds rhetoric that Miller has "lodged a defective appeal for the second time." None of those points rebuts the motion's grounds: the Court may judicially notice public adjudicative records for issuance and contents stated; the Court may supplement the record to reflect those public procedural facts; and counsel authority is antecedent to treating filings as valid acts of individual-capacity defendants.

The motion seeks only notice/supplementation and a narrow order to show authority. The motion does not seek disqualification and does not ask the Court to adjudicate Pennsylvania Right-to-Know Law merits. The Court should grant the motion by entering a judicial order resolving the Rule 201 / Rule 10(e) request and the requested "show authority" predicate: take notice (or supplement) and require Appellees' counsel to identify the source of authority to represent each individual-capacity defendant (or order a limited remand for that determination).

## II. COUNTY'S THRESHOLD "NO BEARING / POTENTIAL DISMISSAL" PREMISE IS NON-DISPOSITIVE

***A. County's premise rests on a clerk notice, not a judicial adjudication.***

County argues the noticed materials "have no bearing" because the appeal "has been listed for potential dismissal due to procedural issues" and cites Doc. 7. Doc. 7 is a staff screening letter, not a judicial order. Doc. 7 states only that "the above-captioned appeal will be submitted to a panel of this Court for possible

dismissal due to a jurisdictional defect," and that, "[u]pon expiration of the response period, the case will be submitted to the Court for consideration of the jurisdictional question." (Doc. 7 at 1 (emphasis added).) Doc. 7 therefore confirms that an Article III panel—not Clerk's Office staff—decides any jurisdictional question by judicial disposition. See *Weber v. McGrogan*, 939 F.3d 232, 235–36 (3d Cir. 2019) (describing clerk jurisdictional-warning letter and ensuing panel consideration).

County's "second time" assertion likewise does not address Rule 201, Rule 10(e), or the relief requested.

***B. Even if a panel later considers dismissal, the Court may resolve antecedent predicates first or contemporaneously.***

County's relevance theory assumes that "possible dismissal" defeats a motion that seeks (1) notice/supplementation of undisputed public records and (2) a narrow "show authority" determination. That assumption is incorrect. Counsel authority and party status are antecedent predicates to treating dispositive filings as valid acts of individual parties. The Court may resolve antecedent procedural predicates at any stage, including before addressing any asserted jurisdictional defect.

***C. County's argument does not engage Rule 201 or Rule 10(e).***

3

The motion seeks notice of the existence and contents of public documents and the positions stated in those documents—not the truth of any disputed narrative assertion. County does not dispute issuance or contents. County therefore does not rebut the Rule 201(b)(2) basis for notice and does not analyze the alternative Rule 10(e)(2)(B) basis for limited supplementation to ensure the record reflects these public procedural facts.

### *D. County's posture attempts to convert administrative screening into adjudication and to block judicial engagement.*

County does not cite Doc. 7 merely for background. County adopts Doc. 7 as the operative frame and asks the Court to treat staff screening plus County's echo-brief as sufficient to avoid a judicial ruling on the motion's discrete predicates. Doc. 7 is e-signed by "Patricia S. Dodszuweit, Clerk," but the operative "By:" line identifies "Stephen, Administrative Assistant," leaving the docket in the unusual posture of appearing to vest dispositive momentum in an unnamed staff actor rather than an Article III panel. Doc. 7 itself confirms that only judges decide the jurisdictional question: the appeal "will be submitted to a panel of this Court for possible dismissal," and "[u]pon expiration of the response period, the case will be submitted to the Court for consideration of the jurisdictional question."

County's own filing on the screening issue illustrates the move: County "hereby respond[s] to the letter docketed in this action on August 14, 2025

4

regarding dismissal … for lack of appellate jurisdiction (Doc. No. 7)," and then states, "Appellees agree that this Court lacks appellate jurisdiction." (Doc. 13 at 1.) County now repeats the same structural move here: County urges the Court to treat staff correspondence and County's briefing as a basis to avoid (i) a judicial ruling on mandatory judicial notice of discrete public-record facts and (ii) a judicial ruling on the antecedent "show authority" predicate. The Court should reject that administrative-to-adjudicative conversion and decide the motion by signed judicial order. Miller accordingly requests disposition of this motion by signed panel order (and, if the panel deems helpful, a short hearing limited to the Rule 201 / Rule 10(e) and "show authority" predicates), so that staff correspondence does not function as a substitute for judicial adjudication.

## III. COUNTY MISCHARACTERIZES THE MOTION AS DISQUALIFICATION AND THEN LITIGATES A NON-ISSUE

### A. The motion does not seek disqualification.

County frames the motion as an "alleged conflict" and argues "standing" to seek disqualification. The motion does not request disqualification. The motion requests judicial notice/supplementation plus a narrow order requiring counsel to identify the source of authority to represent each individual-capacity defendant (or a limited remand for that determination). The requested order does not restrict any

defendant's ability to retain counsel of choice; the requested order requires counsel who already appears on the docket to identify the authority basis to appear for each individual-capacity defendant.

***B. "Standing to disqualify" doctrine does not answer an order-to-show-authority request.***

County's "standing to disqualify" argument is directed to disqualification motions. That doctrine does not control a court's ability to require counsel appearing for a party to identify the source of authority to act for that party. The requested order supplies a narrow, record-based mechanism to resolve that antecedent predicate.

***C. County's "no factual support" rhetoric underscores the need for the requested order.***

County criticizes Miller for lacking "factual support," yet County does not supply the simplest rebuttal: the actual authority source for each individual-capacity defendant (individual retention, insurer appointment, written authorization, or other). County instead demands that the Court assume authority while County's Open Records Officer (also a named defendant/appellee) stated and swore, after a search and consultation with counsel handling the Miller matters, that no responsive Item 9(A) authorization/waiver writings were found.

App. 24, 30. County's refusal to identify the authority predicate is the best reason to grant the narrow "show authority" relief.

## IV. COUNTY'S "BASELESS CONFLICT / NO INJURY / NO DUE PROCESS" POINTS DO NOT MEET THE MOTION'S ACTUAL THEORY

***A. The motion is offered for issuance and contents stated, not for truth of contested narrative propositions.***

      County attacks the motion as if Miller asks the Court to find a merits-level "conflict." The motion offers public documents for the fact of issuance and the contents stated. County does not dispute issuance or contents stated. County therefore does not undermine the Rule 201 basis.

***B. The motion's materiality theory is procedural and antecedent: counsel authority and the validity of party acts.***

      County's "no injury" / "due process" points presuppose a disqualification motion and treat the motion as an attempt to vindicate a right to conflict-free counsel. The motion does not rest on that theory. The motion asks whether filings purporting to be made on behalf of individual-capacity defendants can be treated as valid acts of those individuals when County's sworn RTKL position is that no responsive joint-authorization and conflict-waiver records were found after a

directed search. App. 24, 30. That question concerns procedural regularity, party status, and the validity of counsel's acts—not merely attorney ethics.

***C. County identifies no alternative predicate that moots the requested relief.***

The motion invited a narrow resolution: identify the authority source for each individual-capacity defendant. County does not do so. A response that refuses to identify the authority predicate does not rebut a request for an order to show authority.

## V. COUNTY'S "PRIOR APPEAL DISMISSED" POINT DOES NOT DISPOSE OF THIS MOTION

County points to a separate appeal and asserts that similar allegations were raised previously. County does not identify any prior ruling that adjudicated counsel authority, adjudicated the effect of the RTKL sworn nonexistence position, or adjudicated judicial notice of the OOR documents. A dismissal of a separate appeal—especially on procedural grounds—is not a merits adjudication of the antecedent counsel-authority predicate raised here.

## VI. COUNTY CITES NO BINDING, APPOSITE AUTHORITY ON THE RELIEF REQUESTED

County cites no binding, apposite authority addressing judicial notice under Rule 201, supplementation under Rule 10(e)(2)(B), or the Court's authority to require counsel to identify the source of authority to appear for individual-capacity defendants. County cites only disqualification authority, but Miller does not seek disqualification.

## VII. CONCLUSION

County does not dispute that Appendix Exhibits 1–3 are authentic public records, issued as stated, and state what the records state. County instead relies on clerk screening correspondence (Doc. 7) and mischaracterizes the motion as a disqualification request. County's approach would allow administrative screening plus County's echo-briefing—filed "respond[ing] to the [screening] letter" and "agree[ing] that this Court lacks appellate jurisdiction" (Doc. 13 at 1)—to operate as a substitute for a judicial ruling on a properly presented motion. The Court should reject that approach and decide the motion by signed order.

Rule 201(c)(2) is mandatory. Miller requests judicial notice of discrete adjudicative facts limited to issuance and contents stated. Fed. R. Evid. 201(a)–(b). Miller supplied the necessary information by submitting true copies and pinpoint citations: the OOR order requiring a good-faith search and sworn nonexistence proof (App. 18–19); County's January 28, 2026 "no records found" letter (App.

24); and County's January 29, 2026 affidavit stating a diligent search found no responsive records (App. 30). The Court therefore must take judicial notice of those adjudicative facts. Fed. R. Evid. 201(c)(2).

Accordingly, the Court should enter a judicial order that (1) takes judicial notice of Appendix Exhibits 1–3 (or alternatively supplements the record under Fed. R. App. P. 10(e)(2)(B)) and (2) orders Appellees' counsel to file, within fourteen (14) days, a declaration identifying the source of authority to represent each individual-capacity defendant, or alternatively remands for that limited determination.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
February 10, 2026

## CERTIFICATE OF SERVICE

I hereby certify that this day I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

>Sarah Hyser-Staub
>PA I.D. No. 315989
>100 Pine Street
>Harrisburg, PA 17101
>717-237-5473
>sstaub@mcneeslaw.com

>Respectfully submitted,
>*/s/ Michael Miller*
>MICHAEL MILLER
>108 North Reading Road., Ste F, 246
>Ephrata, Pennsylvania 17522
>717-388-0163
>reaganfive@protonmail.com
>February 10, 2026