IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br>v.<br><br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 25-2570<br><br>(DC case: 5:24-cv-05338) |

**MOTION FOR JUDICIAL NOTICE OR, IN THE ALTERNATIVE, FOR LIMITED SUPPLEMENTATION OF THE RECORD; AND STATEMENT OF OBJECTIONS PRESERVING RECORD-INTEGRITY AND FINALITY ISSUES ARISING FROM FEBRUARY 10, 2026 DISTRICT-COURT DOCKET ACTIVITY**

**I. OBJECTIONS TO PRESERVE IN THE COURT OF APPEALS RECORD (OUTCOME-DRIVEN SCHEMES)**

*A. Manufactured Non-Finality and Post-Appeal Jurisdictional Interference (Finality/Fog Scheme)*

1. Appellant objects that, after the Notice of Appeal (EDPA ECF 74), the district court lacked authority to take actions affecting issues involved in the appeal, including finality and Rule 58 posture. App. 10–12 (Ex. D). See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) (notice of appeal is

1

jurisdictionally significant and divests the district court of control over aspects involved in the appeal).

2. Appellant objects that EDPA ECF 78 purports to dispose of finality-trigger filings (EDPA ECF 68, 71, 72) and recusal filings (EDPA ECF 65) while the appeal remains pending, exceeding any limited retained authority during a pending appeal. App. 10–12 (Ex. D).

### B. Contradictory Authority Assertion as a Control Device (Jurisdictional Trap Sub-Device)

3. Appellant objects that EDPA ECF 78 states the district court cannot enter a final determination or close the case because the appeal is pending, while simultaneously dismissing the motions that sought entry or clarification of judgment and finality posture. App. 10–12 (Ex. D). Alternatively, if the Court deems the Notice of Appeal non-appealable, the appeal is a 'nullity' and the district court is not divested; the district court therefore cannot invoke the pendency of the appeal as the reason the district court 'cannot' act on finality-related matters. *Venen v. Sweet*, 758 F.2d 117 (3d Cir. 1985).

4. Appellant objects that the district court cannot both disclaim authority due to a pending appeal and exercise authority over finality-critical motions; Appellant preserves that the contradiction functions as a jurisdictional trap and an improper attempt to control appellate jurisdiction and timing. App. 10–12 (Ex. D).

**C. Docket/Notice Reactivation to Sustain the Fog (Record/Notice Manipulation Scheme)**

5. Appellant objects that CM/ECF issued re-generated NEFs on February 10, 2026 for prior orders, creating new February-2026 notice events tied to earlier orders, including EDPA ECF 63 (entered July 24, 2025) and EDPA ECF 55 (entered March 31, 2025; filed March 28, 2025). App. 1–6 (Exs. A–B).

6. Appellant objects that re-generated NEFs are not harmless notice events where the re-issuance post-dates the Notice of Appeal, alters the docket's apparent temporal posture, and risks misleading the Court of Appeals about what was active or re-invoked during the pendency of the appeal. App. 1–6 (Exs. A–B).

7. Appellant objects that the re-generated NEFs and EDPA ECF 78 collectively function as a post-appeal effort to reinforce a non-finality narrative and to launder prior avoidance orders into the live posture of the case on appeal. App. 1–12 (Exs. A–D).

8. Appellant objects that EDPA ECF 78's directive to re-send prior orders and CM/ECF's re-generated NEFs raise a record question regarding adequacy and reliability of notice/service history, and Appellant preserves the deficiency as a due-process and record-integrity issue. App. 1–9 (Exs. A–C); App. 10–12 (Ex. D).

***D. FRAP 10 and FRAP 10(e) Record-Integrity Preservation (Corrective Mechanism)***

9. Appellant objects that the appellate record must reflect the February 10, 2026 re-generated NEFs and the fact that CM/ECF created those notice events post-appeal, because the notice events bear on docket integrity, timing, and the posture Appellees may rely on. App. 1–6 (Exs. A–B).

10. Appellant preserves a Fed. R. App. P. 10(e) position seeking clarification or supplementation so the record expressly includes the "Created on 2/10/2026" NEF facts and the identity of the CM/ECF transaction being re-noticed. App. 1–6 (Exs. A–B).

### E. Motion for Judicial Notice of Docket/Notice Facts, or in the Alternative, Limited FRAP 10(e) Supplementation (Judicial-Engagement Mechanism)

11. Appellant moves for judicial notice under Fed. R. Evid. 201(b)(2) of the following adjudicative facts, each capable of accurate and ready determination from CM/ECF notices and the district-court order:

a. CM/ECF issued a re-generated NEF for EDPA ECF 55 stating: "This is a re-generated NEF. Created on 2/10/2026 at 2:17 PM EST." App. 1–3 (Ex. A).

b. CM/ECF issued a re-generated NEF for EDPA ECF 63 stating: "This is a re-generated NEF. Created on 2/10/2026 at 2:17 PM EST." App. 4–6 (Ex. B).

    c. CM/ECF entered EDPA ECF 78 on February 10, 2026 at 2:20 PM EST, and the NEF describes ECF 78's operative dispositions and directive to send copies of ECF 42, 55, and 63 to Appellant. App. 7–9 (Ex. C).

    d. EDPA ECF 78 states the district court cannot close the case "because Plaintiff has appealed" and the appeal remains pending, while dismissing ECF 65, 68, 71, and 72 without prejudice and directing re-sending of prior orders. App. 10–12 (Ex. D).

    12. In the alternative, if the Court declines Rule 201, Appellant seeks limited supplementation or clarification under Fed. R. App. P. 10(e) to ensure the appellate record includes Exhibits A–D (App. 1–12) as record evidence of what occurred on February 10, 2026 and when the CM/ECF notice events were created. App. 1–12 (Exs. A–D).

    13. Appellant alternatively requests an order directing the EDPA Clerk to certify: (a) the CM/ECF audit trail/event log for the re-generated NEFs (Exs. A–B); (b) the change or action that triggered re-generation; and (c) what was served to Appellant on February 10, 2026. App. 1–9 (Exs. A–C).

    14. Appellant preserves that the Rule 201/FRAP 10(e) relief is sought solely to establish timing, notice history, and record integrity relevant to appellate jurisdiction and procedural regularity, not to prove disputed merits facts. App. 1–12 (Exs. A–D).

***F. Election-to-Stand Finality as a Non-Discretionary Predicate (Weber/Borelli Finality Preservation)***

15. Appellant objects that the district court's refusal to enter judgment, and later dismissal without prejudice of finality-trigger motions (EDPA ECF 68, 71, 72), cannot defeat appellate jurisdiction where Appellant clearly and unequivocally elected to stand on the dismissed claims (EDPA ECF 70–73). App. 10–12 (Ex. D); *Weber v. McGrogan*, 939 F.3d 232, 240 (3d Cir. 2019); *Berke v. Bloch*, 242 F.3d 131, 135 (3d Cir. 2001).

16. Appellant objects that EDPA ECF 78 does not moot or dissolve Appellant's finality posture; EDPA ECF 78 confirms the district court treated finality as jurisdictionally consequential while attempting to avoid a merits-appealable judgment posture. App. 10–12 (Ex. D); *Weber*, 939 F.3d at 240; *Berke*, 242 F.3d at 135.

***G. Neutral-Tribunal and Self-Protective Docket Management (Recusal/Impartiality Scheme)***

17. Appellant objects that the February 10, 2026 actions (EDPA ECF 78 plus re-generated NEFs) create or reinforce an appearance that the district court managed the docket to influence appellate jurisdiction and timing, preserving the issue under 28 U.S.C. § 455(a) and due-process impartial-tribunal principles. App. 1–12 (Exs. A–D).

18. Appellant objects that EDPA ECF 78 disposes of recusal by reference to prior orders without addressing renewed predicates in a reviewable way, compounding the appearance-of-partiality issue. App. 10–12 (Ex. D).

### H. Integrated Barrier to Article III Review (District-Court Fog Feeding CA3 Screening)

19. Appellant objects that the February 10, 2026 district-court docket maneuvering must be evaluated against the Third Circuit's jurisdictional screening posture because the combined effect is administrative displacement of Article III adjudication at both levels.

20. Appellant preserves the argument that district-court acts sustaining non-finality directly feed clerk screening and therefore operate as an integrated barrier to appellate review and timely merits adjudication of constitutional claims.

### I. Appendix Anchors (Final)

21. Appellant will cite: App. 1–3 (Ex. A: re-generated NEF for ECF 55); App. 4–6 (Ex. B: re-generated NEF for ECF 63); App. 7–9 (Ex. C: NEF/transaction record for ECF 78); App. 10–12 (Ex. D: EDPA ECF 78).

## II. OBJECTIONS ARISING FROM THE DISTRICT-COURT PROCEDURAL HISTORY AS STATED IN THE CONCISE SUMMARY

### *A. Omnibus Rule 12 Disposition Without Party-by-Party Jurisdiction (Omnibus Defense Scheme)*

22. Appellant objects that all defendants, through one counsel, filed a single omnibus facial Rule 12(b)(1)/(6) motion without defendant-by-defendant standing and jurisdiction analysis, and Appellant preserves that the district court's acceptance of that posture deprived Appellant of a jurisdictional determination as to each defendant and each claim. Concise Summary, CA3 ECF 5-1 at 1–2.

Appellant preserves that Article III jurisdiction cannot be supplied by aggregation, and Appellant preserves that the appellate record must contain a defendant-specific jurisdictional ruling capable of review. See *Herring v. United States*, 424 F.3d 384 (3d Cir. 2005); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

23. Appellant objects that the district court allowed a facial Rule 12(b)(1) framing to operate as a vehicle for rejecting pleaded jurisdictional facts without an evidentiary hearing or procedures appropriate to a factual attack, and Appellant preserves the objection that the record does not reflect safeguards required for factual jurisdictional determinations. Concise Summary, CA3 ECF 5-1 at 1–2.

Appellant preserves that the district court must either accept pleaded jurisdictional allegations under a facial posture or provide a factual-attack

procedure that permits development and testing of jurisdictional facts. See *Universal Oil Co. v. Root Refining Co.*, 328 U.S. 575 (1946).

### B. One-Way Judicial Notice and Extra-Record Inputs (Extra-Record Adjudication Scheme)

24. Appellant objects that the district court denied Appellant's judicial notice request while stating the district court can and will take notice of other court dockets when appropriate, and Appellant preserves the objection that the selective approach risked extra-record fact use outside Rule 12 constraints and impaired fair notice and adversarial testing. Concise Summary, CA3 ECF 5-1 at 1–2.

Appellant preserves that the district court cannot reserve a one-way extra-record mechanism that expands decisional inputs while restricting Appellant's record-creation tools. See *Hazel-Atlas*, 322 U.S. 238; *Universal Oil*, 328 U.S. 575.

### C. Jurisdiction/Merits Collapse and Alternative-Ruling Architecture (Sequencing Collapse Scheme)

25. Appellant objects that the district court decided merits under Rule 12(b)(6) after disclaiming jurisdiction under Rule 12(b)(1) on the same facial claims, and Appellant preserves that the sequencing defect infects the dismissal architecture, including any alternative merits rulings attached to jurisdictional dismissals. Concise Summary, CA3 ECF 5-1 at 1–2.

9

Appellant preserves that a merits disposition issued in the absence of jurisdiction cannot supply reviewable predicates for affirmance, and Appellant preserves entitlement to a clean jurisdiction-first architecture capable of meaningful appellate review.

### D. Refusal to Adjudicate and Absence of Reviewable Findings (Non-Adjudication Scheme)

26. Appellant objects that subsequent orders stayed proceedings, dismissed pending motions without prejudice, imposed amendment deadlines, and refused to adjudicate discrete requests, and Appellant preserves the objection that the avoidance left an inadequate record for appellate review because the district court did not rule on the predicates presented. Concise Summary, CA3 ECF 5-1 at 1–2.

Appellant preserves that the Court of Appeals cannot review what the district court declined to decide, and Appellant preserves corrective relief to restore a reviewable adjudicative record. See *Hazel-Atlas*, 322 U.S. 238; *Universal Oil*, 328 U.S. 575.

27. Appellant objects that the district court remained silent during the July 24 to August 12, 2025 period on jurisdictional and bias objections, and Appellant preserves the objection that the silence functioned as constructive denial of timely

Article III adjudication affecting appellate posture and relief. Concise Summary, CA3 ECF 5-1 at 1–2.

28. Appellant objects that the district court stayed adjudication "pending resolution of the case on appeal" while simultaneously refusing to create an appealable final judgment posture, creating a self-referential loop that denies Article III adjudication in either court. App. 1–3 (Ex. A); App. 10–12 (Ex. D).

29. Appellant objects that repeated "dismissed without prejudice" dispositions functioned as avoidance of adjudication rather than neutral housekeeping, because the district court used the label to withhold rulings on the predicates presented while imposing controlling case-management consequences and leaving no reviewable findings. App. 1–3 (Ex. A).

### E. Mislabeling and Reclassification to Defeat Review (Recharacterization Scheme)

30. Appellant objects that the district court mischaracterized substantive filings as "motions for reconsideration" or "not motions" to avoid adjudication and review, and Appellant preserves the objection that the device distorted the record by altering the legal character of filings without deciding the relief requested. Concise Summary, CA3 ECF 5-1 at 1–2. See *Hazel-Atlas*, 322 U.S. 238.

### F. Coercive Amendment Deadlines and Procedural Trap-Setting (Coercion/Trap Scheme)

31. Appellant objects that the district court imposed and enforced amendment deadlines while refusing to adjudicate finality-trigger motions and live objections, and Appellant preserves the objection that the combined tactics coerced procedural choices and manipulated finality timing, impairing orderly appellate review. Concise Summary, CA3 ECF 5-1 at 1–2; App. 1–3 (Ex. A); App. 10–12 (Ex. D).

### *G. Recusal Handling as Docket Self-Protection (Impartiality/Insulation Scheme)*

32. Appellant objects that the district court's handling of recusal and selective jurisdiction created an appearance of partiality and docket self-protection under 28 U.S.C. § 455(a), and Appellant preserves the objection that the record lacks a neutral, reasoned adjudication of renewed recusal predicates. Concise Summary, CA3 ECF 5-1 at 1–2; App. 10–12 (Ex. D). See *Liteky v. United States*, 510 U.S. 540 (1994).

### *H. Element-Skipping and Unarticulated Assumptions (Non-Reviewable Disposition Scheme)*

33. Appellant objects that the district court narrowed claims or disposed of claims on threshold labels without identifying controlling factual assumptions and without addressing required elements under the applicable pleading standard, and Appellant preserves the objection that the resulting order structure prevents

meaningful appellate review. Concise Summary, CA3 ECF 5-1 at 1–2. See *Universal Oil*, 328 U.S. 575.

## III. PRO SE CIVIL-RIGHTS AND STRUCTURAL DUE-PROCESS OBJECTIONS (DENIAL OF ARTICLE III ACCESS)

### *A. Denial of Meaningful Opportunity to Be Heard (Hearing Deprivation)*

34. Appellant objects that the district court treated facial Rule 12(b)(1) and Rule 12(b)(6) issues as merits-dispositive while rejecting pleaded facts without a hearing mechanism appropriate to the predicates being decided, and Appellant preserves that paper-only adjudication plus docket-management devices denied a meaningful opportunity to be heard on controlling jurisdiction, sequencing, and record-boundary issues in a pro se constitutional case. Concise Summary, CA3 ECF 5-1 at 1–2. See *Hazel-Atlas*, 322 U.S. 238; *Universal Oil*, 328 U.S. 575.

### *B. Notice Failure Through Ambush-by-Characterization (Notice Deprivation)*

35. Appellant objects that mischaracterization and reclassification of substantive filings operated as denial of notice because Appellant could not anticipate that the district court would change procedural vehicles to defeat review rather than decide the relief requested, and Appellant preserves that the practice

13

impaired Appellant's ability to present targeted argument under the operative standard. Concise Summary, CA3 ECF 5-1 at 1–2. See *Hazel-Atlas*, 322 U.S. 238.

36. Appellant objects that the reclassification device deprived Appellant of a fair chance to tailor briefing to the actual standard applied because the district court did not identify the governing standard in a reviewable way while treating filings as different procedural instruments than Appellant invoked. Concise Summary, CA3 ECF 5-1 at 1–2. See *Universal Oil*, 328 U.S. 575.

### C. Manufactured Jurisdictional Hall of Mirrors (Cumulative Structural Injury)

37. Appellant objects that the interlocking devices described in Sections I–II created a manufactured jurisdictional hall of mirrors through commingling jurisdiction and merits, dismissing motions without prejudice rather than deciding predicates, enforcing amendment deadlines while leaving objections unresolved, and maintaining prolonged silence, cumulatively denying reliable notice of what the district court decided and on what basis. Concise Summary, CA3 ECF 5-1 at 1–2; App. 1–12 (Exs. A–D).

38. Appellant objects that the cumulative effect denied procedural regularity required for due process and consistently operated to prevent adjudication of objections and to prevent creation of a clean, reviewable record for Article III

review in the Court of Appeals. Concise Summary, CA3 ECF 5-1 at 1–2; App. 1–12 (Exs. A–D). See *Hazel-Atlas*, 322 U.S. 238; *Herring*, 424 F.3d 384.

### D. One-Way Extra-Record Mechanisms (Adversarial Deprivation)

39. Appellant objects that denial of Appellant's judicial notice request coupled with the district court's reserved authority to notice other dockets created a one-way extra-record mechanism undermining adversarial testing at the pleading stage, and Appellant preserves that the mechanism is especially prejudicial to a pro se civil-rights plaintiff because the mechanism permits decisional inputs without fair notice and response opportunity. Concise Summary, CA3 ECF 5-1 at 1–2. See *Universal Oil*, 328 U.S. 575; *Hazel-Atlas*, 322 U.S. 238.

### E. Procedural Coercion and Trap-Setting (Access Deprivation)

40. Appellant objects that the district court's amendment deadlines and silence coerced procedural choices and created a trap whereby Appellant could neither obtain adjudication nor obtain a clean judgment posture without waiving rights under pressure, including pressure created by a stay tied to "resolution of the case on appeal" while the district court refused to create an appealable posture. Concise Summary, CA3 ECF 5-1 at 1–2; App. 1–3 (Ex. A); App. 10–12 (Ex. D).

### F. Process as Punishment (Chilling of Court Access)

41. Appellant objects that repeated dismissal of motions without prejudice, refusal to rule, and recharacterization of filings functioned as a process regime

substituting procedural attrition for adjudication, imposing disproportionate burdens on a pro se civil-rights litigant and chilling access to judicial review. Concise Summary, CA3 ECF 5-1 at 1–2; App. 1–3 (Ex. A). See *Hazel-Atlas*, 322 U.S. 238; *Universal Oil*, 328 U.S. 575.

*G. Integrity of Appellate Review Where the Record Was Manufactured to Defeat Review (Corrective Relief Preservation)*

42. Appellant objects that the pattern of avoidance and recharacterization prevented formation of reviewable rulings on discrete predicates, impaired meaningful appellate review, and preserves the need for corrective action to restore a lawful adjudicative record, including clarification, supplementation, or limited remand for findings as necessary. Concise Summary, CA3 ECF 5-1 at 1–2; App. 1–12 (Exs. A–D). See *Herring*, 424 F.3d 384; *Hazel-Atlas*, 322 U.S. 238; *Universal Oil*, 328 U.S. 575; *Liteky*, 510 U.S. 540.

**IV. RELIEF**

WHEREFORE, Appellant moves that the Court (1) take judicial notice under Fed. R. Evid. 201(b)(2) of the February 10, 2026 CM/ECF re-generated NEF facts and EDPA ECF 78 facts reflected in Exhibits A–D; or, in the alternative, (2) order limited supplementation/clarification under Fed. R. App. P. 10(e) to include

16

Exhibits A–D in the appellate record; (3) direct the EDPA Clerk to certify the CM/ECF audit trail/event log and the triggering action for the re-generated NEFs, and to certify what was served on February 10, 2026; (4) hold that Appellant's election to stand establishes a final, appealable posture under controlling Third Circuit finality principles (*Weber/Berke*) notwithstanding the district court's refusal to enter judgment; and (5) grant such other relief as is necessary to restore a lawful, reviewable Article III record, including a limited remand for entry of Rule 58 judgment and discrete findings if required.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
February 11, 2026

## CERTIFICATE OF SERVICE

I hereby certify that this day I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

> Sarah Hyser-Staub
> PA I.D. No. 315989
> 100 Pine Street
> Harrisburg, PA 17101
> 717-237-5473
> sstaub@mcneeslaw.com

> Respectfully submitted,
> */s/ Michael Miller*
> MICHAEL MILLER
> 108 North Reading Road., Ste F, 246
> Ephrata, Pennsylvania 17522
> 717-388-0163
> reaganfive@protonmail.com
> February 11, 2026