DLD-120
# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **25-2570**

MICHAEL MILLER, Appellant

    VS.

COUNTY OF LANCASTER; ET AL.

    (E.D. Pa. Civ. No. 5:24-cv-05338)

Present:        RESTREPO, PORTER, and MONTGOMERY-REEVES, *Circuit Judges*

        Submitted are:

    (1)    By the Clerk for possible dismissal due to a jurisdictional defect;

    (2)    Appellant's motion to recuse Judges Krause, Phipps, Scirica, Hardiman, and Shwartz (Docket No. 6);

    (3)    Appellant's jurisdictional response (Docket No. 8);

    (4)    Appellant's motion to vacate Legal Division letter (Docket No. 9);

    (5)    Appellees' jurisdictional response (Docket No. 13)

    (6)    Appellant's supplemental motion to vacate Legal Division letter (Docket No. 14);

    (7)    Appellant's motion for recusal of all Third Circuit judges (Docket No. 15);

    (8)    Appellees' response in opposition to appellant's motion at Docket No. 14 (Docket No. 18);

    (9)    Appellant's reply in support of motion at Docket No. 14 (Docket No. 19);

DLD-120
MICHAEL MILLER
V.
COUNTY OF LANCASTER; ET AL.
C.A. No. **25-2570**
Page 2

(10)   Appellant's motion to strike and vacate Clerk filing (Docket No. 20);

(11)   Appellant's corrected motion for judicial notice, etc. (Docket No. 23);

(12)   Appellees' response thereto (Docket No. 25);

(13)   Appellant's reply (Docket No. 26); and

(14)   Appellant's supplemental motion for judicial notice, etc. (Docket No. 27)

in the above-captioned case.

Respectfully,

Clerk

_____ORDER_____

This appeal is dismissed for lack of appellate jurisdiction, and appellant's motions and requests for relief are denied.  Appellant seeks to appeal from the order of partial dismissal without prejudice entered at ECF No. 36.  Appellant previously appealed from that order at C.A. No. 25-1423, and we dismissed his appeal because the order was not a final decision under 28 U.S.C. § 1291.  We concluded, inter alia, that appellant did not validly stand on his complaint and thus did not create the necessary finality under that theory.  *See Weber v. McGrogan*, 939 F.3d 232, 240 (3d Cir. 2019).

Following further proceedings in the District Court, appellant has appealed from the same order again and argues that he now has validly stood on his complaint.  But the order remains non-final by its terms, and the stand-on-the-complaint doctrine does not make it final under the circumstances presented here.  Those circumstances include the facts that:  (1) appellant continued to assert his right to amend and continued to

equivocate even after we dismissed his previous appeal; (2) although appellant eventually requested an express order of dismissal without leave to amend from the District Court, the court has not yet entered one or otherwise ruled on the substance of that request; and (3) at least one other motion (ECF No. 51) appears to remain pending in the District Court (ECF No. 63 at 3). Thus, we dismiss this appeal too for lack of appellate jurisdiction. Appellant is advised that he can appeal this matter under § 1291 by filing a timely notice of appeal if and when the District Court enters a final order of dismissal without leave to amend.

To the extent that appellant's filings on appeal can be construed to request an order directing the District Court to enter such an order or to rule on any other matter, that request is denied. We are confident that the court will issue such further rulings as may be warranted in due course. Appellant's other motions and requests for relief are denied as well. Those requests include appellant's requests for the recusal of all judges of this Court. We deny the request for recusal as to ourselves. In light of that ruling, appellant's request for a certificate under 28 U.S.C. § 292(d) is unnecessary. This ruling is without prejudice to appellant's ability to seek the recusal of other judges if he files a petition for rehearing.

By the Court,

s/ David J. Porter
Circuit Judge

Dated: April 30, 2026
DWB/arr/cc:
Mr. Michael Mller
Sarah A. Hyser-Staub

**A True Copy:**

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate