IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| MICHAEL MILLER<br>Appellant,<br><br><br>v.<br><br><br><br><br>COUNTY OF LANCASTER, ET. AL.,<br>Appellees. | Civ. No: 25-2570<br><br>(DC case: 5:24-cv-05338) |

**APPELLANT'S PETITION FOR PANEL REHEARING AND REHEARING**

**EN BANC**

Pursuant to Fed. R. App. P. 40(b)(2)(A), (B), and (D), rehearing en banc is warranted because the April 30, 2026 order (ECF 80) conflicts with this Court's decisions in *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir. 1976), and *Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019); conflicts with the Supreme Court's decisions in *Bell v. Hood*, 327 U.S. 678 (1946), and *Zwickler v. Koota*, 389 U.S. 241 (1967); and presents a question of exceptional importance: whether district-court refusal to enter final judgment after a plaintiff elects to stand on the complaint may defeat appellate review under 28 U.S.C. § 1291.

Appellant Michael Miller also petitions for panel rehearing under Fed. R. App. P. 40(b)(1) because the panel overlooked or misapprehended material facts

1

and controlling law. District Court refused to enter final judgment because the appeal was pending. Court of Appeals then dismissed because District Court had not entered final judgment. That closed loop leaves a verified federal civil-rights complaint without ordinary Article III adjudication and without appellate review.

## I. RELIEF REQUESTED

Appellant requests that Court grant panel rehearing and rehearing en banc, vacate the April 30, 2026 dismissal order, hold that appellate jurisdiction exists under 28 U.S.C. § 1291, and proceed to review District Court's March 7, 2025 dismissal order and all merged interlocutory orders.

In the alternative, Appellant requests that Court direct District Court to enter final judgment immediately and to dispose of any collateral motion District Court or Court of Appeals believes prevents finality.

## II. QUESTIONS PRESENTED

1. Whether District Court and Court of Appeals may combine reciprocal non-action to defeat appellate review where Appellant filed a verified federal civil-rights complaint, received a partial dismissal without prejudice, unequivocally elected to stand on the complaint, requested Rule 58 final judgment, District Court refused to enter final judgment because the appeal

was pending, and Court of Appeals dismissed because District Court had not entered final judgment.

2. Whether an unresolved collateral post-dismissal motion concerning representation authority, indemnification, conflict waivers, and structural fairness can defeat finality under § 1291 when the motion asserts no complaint claim, seeks no merits relief, preserves no amendment right, and Appellees themselves characterized the motion as arguably moot because Appellant's failure to amend would result in dismissal with prejudice.

3. Whether the April 30 order conflicts with *Bell*, *Zwickler*, and *Weber* by leaving pleaded First Amendment, Fourteenth Amendment, and § 1983 claims without merits adjudication or appellate review.

## III. POINTS OF LAW OR FACT OVERLOOKED OR MISAPPREHENDED

The panel overlooked or misapprehended the following points:

1. District Court refused to enter final judgment because Appellant's appeal was pending, and the April 30 order then dismissed because District Court had not entered final judgment.

2. Appellant's Rule 58 motion, notice of intent not to amend, clarification of waiver, renewed final-judgment motion, proposed final judgment, and preservation filings eliminated any amendment ambiguity under *Weber*.

3. ECF 51 was a collateral post-dismissal motion concerning representation authority, indemnification, conflict waivers, and structural fairness; ECF 51 did not assert a complaint claim, seek merits relief, or preserve amendment rights.

4. District Court created ECF 51's pending status by ordering Defendants to respond by August 14, 2025, rather than deciding the motion.

5. The April 30 order leaves non-frivolous federal constitutional claims under § 1983 without merits adjudication or appellate review, contrary to *Bell* and *Zwickler*.

## IV. ARGUMENT

## A. The April 30 order creates a closed jurisdictional loop inconsistent with § 1291, *Borelli*, and *Weber*.

The April 30 order dismisses this appeal because District Court had not entered a final order dismissing without leave to amend. The order states that Appellant "eventually requested an express order of dismissal without leave to amend from the District Court," but "the court has not yet entered one or otherwise ruled on the substance of that request."

The District Court had already refused to enter that final order because this appeal was pending. District Court's February 10, 2026 order stated that, to the extent Appellant indicated that he did not intend to amend and requested that District Court make a final determination and close the case, District Court "cannot do so at this time because Plaintiff has appealed the Court's March 7, 2025 decision."

Those reciprocal rulings create the jurisdictional defect requiring rehearing. District Court refused final judgment because the appeal was pending. Court of Appeals dismissed because final judgment had not been entered. Section 1291 does not permit District Court inaction to become an appellate-jurisdiction veto after Appellant elected to stand on the complaint and requested final judgment.

An appellate court cannot both deny relief from District Court's refusal to enter final judgment and use that same refusal as the reason appellate jurisdiction does not exist.

The stand-on-the-complaint doctrine exists to prevent that result. Once Appellant clearly elected not to amend, District Court's refusal to enter a further final order could not defeat appellate jurisdiction. Otherwise, a district court could nullify *Weber* by withholding the very order needed to appeal.

5

**B. Appellant's finality-trigger filings satisfied *Weber*.**

The April 30 order acknowledges Appellant's argument that he "now has validly stood on his complaint," but holds that the stand-on-the-complaint doctrine does not create finality under the circumstances presented.

That holding misapplies *Weber*. Appellant filed a Rule 58 motion, a notice of intent not to amend, a clarification of waiver, a renewed final-judgment motion, a proposed final judgment, and preservation filings. Those filings eliminated any ambiguity concerning amendment and perfected finality under *Weber* and *Borelli*.

The April 30 order does not identify any post-waiver filing preserving amendment as to any dismissed claim. Any earlier ambiguity became legally immaterial once Appellant filed operative notices electing to stand on the complaint and requesting final judgment.

**C. ECF 51 was collateral and could not defeat finality.**

The April 30 order also states that "at least one other motion (ECF No. 51) appears to remain pending in the District Court." That statement does not defeat jurisdiction because ECF 51 was not an unresolved claim in the complaint.

ECF 51 was a post-dismissal collateral motion to compel disclosure of representation and indemnification arrangements, or alternatively for limited discovery. ECF 51 sought disclosure of whether County was paying for or directing the defense of individual-capacity defendants, whether indemnification agreements or conflict waivers existed, whether McNees Wallace & Nurick LLC represented individual defendants personally, and whether public funds were designated for any judgment or settlement.

ECF 51 expressly stated that the motion arose after the March 7 dismissal order and was filed "to preserve a threshold issue of structural fairness affecting Plaintiff's post-judgment and appellate rights." A post-dismissal collateral motion concerning representation authority, indemnification, conflict waivers, and Rule 60/appellate preservation is not a live merits claim preventing finality.

Appellees themselves treated ECF 51 as non-finality-neutral. In their opposition, Appellees stated that ECF 51 was "arguably now moot" because Appellant had failed to amend by the deadline, "which will result in dismissal of this action with prejudice." Appellees therefore did not treat ECF 51 as an unresolved merits claim preventing final disposition.

The Court of Appeals erred by treating an unresolved collateral motion as a finality-destroying merits issue.

**D. District Court created the pending status of ECF 51.**

District Court's July 24, 2025 order confirms that ECF 51's unresolved status was court-created. In Doc. 63, District Court granted Appellant's request to consider ECF 51 only to the extent of ordering Defendants to respond by August 14, 2025. District Court did not decide ECF 51. District Court therefore kept a collateral post-dismissal motion pending through the relevant finality period.

The April 30 order later cited that same pending motion as a reason appellate jurisdiction was lacking. That reasoning cannot stand. A district court cannot defeat appellate jurisdiction by leaving a collateral motion unresolved and then relying on that unresolved collateral motion to preserve non-finality. Finality turns on whether the claims have been disposed and whether Appellant elected to stand on the complaint. ECF 51 did not assert a complaint claim, did not preserve amendment rights, and did not seek merits relief. ECF 51 therefore could not defeat § 1291 jurisdiction.

Doc. 63 also illustrates the broader procedural problem. District Court denied review of multiple filings by relabeling them as notices that did not require action, denied several filings by converting them into reconsideration requests, and granted only one request: Defendants' obligation to respond to ECF 51 by August

8

14, 2025. That handling preserved ambiguity rather than resolved finality. Court of Appeals then treated the preserved ambiguity as jurisdictional.

### E. The judicial-notice sequence confirmed ECF 51's collateral nature.

Appellant's later motion for judicial notice confirmed ECF 51's collateral nature. Appellant asked Court of Appeals to notice public records concerning County's sworn statements that no Item 9(A) joint-representation authorizations, indemnification determinations, consents, Rule 1.7 conflict waivers, or insurer approvals were found after a search.

Appellant requested a narrow order requiring Appellees' counsel to identify the source of authority to represent each individual-capacity defendant, or a limited remand for that determination. That request did not seek merits relief on any complaint count.

Appellees did not dispute the authenticity, public-record status, or contents of those records. Appellees instead argued that the judicial-notice materials had "no bearing" because the appeal had been listed for possible dismissal under the Clerk's screening letter.

Appellant's reply clarified that the motion did not seek disqualification, did not seek merits relief, and sought only judicial notice/supplementation plus a

narrow order requiring counsel to identify the source of authority for each individual-capacity defendant.

The April 30 order denied the judicial-notice motion without addressing the actual collateral predicate. The same collateral predicate then appeared in the jurisdictional discussion as an apparent obstacle to finality. That treatment was error.

## F. The April 30 order conflicts with *Bell*, *Zwickler*, and *Weber*.

The April 30 order is not merely an erroneous finality ruling. The order conflicts with binding mandates governing federal jurisdiction and federal adjudicatory duty.

Under *Bell v. Hood*, federal jurisdiction exists when a complaint asserts non-frivolous claims arising under the Constitution or federal law. A court may reject a claim on the merits, but a court may not convert perceived defects in the federal remedy or cause of action into a jurisdictional dismissal.

Under *Zwickler v. Koota*, federal courts have a duty to adjudicate federal constitutional claims within federal-question jurisdiction. That duty has special force when First Amendment rights are pleaded, because delay itself can chill the protected right.

Under *Weber v. McGrogan*, a plaintiff's clear and unequivocal election to stand on the complaint permits appellate jurisdiction. The plaintiff need not obtain the additional final order District Court refuses to enter.

Appellant's complaint pleaded federal-question jurisdiction, § 1983 claims, First Amendment claims, Fourteenth Amendment claims, individual-capacity claims, damages, equitable relief, and a jury demand. Appellant then elected to stand on the complaint and requested final judgment. District Court refused final judgment because the appeal was pending. Court of Appeals dismissed because final judgment had not been entered. That closed loop violates the combined command of *Bell*, *Zwickler*, and *Weber*: federal constitutional claims must receive lawful federal adjudication, not procedural extinction.

## G. The April 30 order leaves a verified federal civil-rights complaint without Article III review.

The First Amended Complaint invoked federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a), asserted claims under the First and Fourteenth Amendments and 42 U.S.C. § 1983, sought declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202, and pleaded supplemental jurisdiction under 28 U.S.C. § 1367.

The complaint named County and five individual-capacity defendants and alleged that each defendant acted under color of state law. The complaint pleaded twelve claims, including prior restraint, retaliation, right to petition, procedural due process, equal protection, conspiracy, HAVA violations, *Monell* liability, and abuse of process. The complaint demanded a jury trial on all triable claims.

The April 30 order leaves that verified complaint in procedural limbo. District Court dismissed the complaint, refused to enter final judgment after Appellant elected to stand on the complaint, and Court of Appeals dismissed because District Court did not enter the final judgment that District Court refused to enter. Rehearing is necessary to prevent finality doctrine from becoming a mechanism for denying Article III review.

## V. EN BANC REVIEW IS WARRANTED

En banc review is warranted because the April 30 order creates a recurring finality problem of exceptional importance. If the order stands, a district court may dismiss claims without prejudice, refuse final judgment after a plaintiff elects to stand on the complaint, and thereby prevent appellate review. A court of appeals may then dismiss because no final judgment has been entered.

That rule would undermine *Borelli*, *Weber*, and § 1291. Finality should turn on the plaintiff's clear election to stand on the complaint, not on a district court's refusal to enter the ministerial judgment that permits appellate review.

The issue is especially important for pro se litigants. A represented party may navigate manufactured finality barriers with greater procedural resources. A pro se non-attorney litigant depends on clear application of finality rules. When a pro se litigant files express waiver notices, requests Rule 58 judgment, and removes any amendment ambiguity, *Weber* should provide a path to appellate review rather than a trap.

## VI. CONCLUSION

The Court should grant panel rehearing and rehearing en banc, vacate the April 30, 2026 order, hold that appellate jurisdiction exists under 28 U.S.C. § 1291, and proceed to review the March 7, 2025 dismissal order and merged interlocutory orders.

In the alternative, the Court should direct District Court to enter final judgment immediately and to dispose of any collateral motion District Court or Court of Appeals believes prevents finality.

## CERTIFICATE OF COMPLIANCE

I certify that this petition complies with Fed. R. App. P. 40(d)(3) because it contains 2,275 words. This petition also complies with Fed. R. App. P. 32 because it was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
April 30, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this day I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
April 30, 2026