IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

MICHAEL MILLER
Appellant,

v.

COUNTY OF LANCASTER, ET. AL.,
Appellees.

Civ. No: 25-2570

(DC case: 5:24-cv-05338)

## MOTION FOR LEAVE TO FILE NOTICE OF CONTINUING PREJUDICIAL DELAY RELEVANT TO COA ECF NO. 31

Appellant moves for leave to file the Notice of Continuing Prejudicial Delay Relevant to COA ECF No. 31, as directed by COA ECF No. 33.

1. Appellant does not seek to amend, enlarge, or reargue COA ECF No. 31. COA ECF No. 31 already preserves Appellant's finality, collateral-motion, and alternative-relief arguments. The notice identifies only continuing prejudice and ripeness arising after COA ECF No. 31.

2. Appellant preserves objection to characterization of the notice as a prohibited supplement to the rehearing petition. A notice of continuing prejudice is not a second rehearing petition. The notice does not add a new ground for rehearing, cite new merits authority, or request relief beyond the alternative relief already requested in COA ECF No. 31.

1

3. Appellant preserves objection to the Clerk's Office reliance on Fed. R. App. P. 32(g), Fed. R. App. P. 40, and 3d Cir. L.A.R. 35.1 as deficiency grounds. Fed. R. App. P. 32(g) governs certificates of compliance for papers subject to type-volume limits. Fed. R. App. P. 40 governs rehearing petitions. 3d Cir. L.A.R. 35.1 governs the required counsel statement in a rehearing-en-banc petition when the party seeking rehearing is represented by counsel. Appellant is unrepresented, and the filing at issue was a notice of continuing prejudice.

4. Appellant further preserves objection that the clerk-issued COA ECF No. 33 recharacterized Appellant's notice, imposed a cure deadline, and invoked sanctions language without identifying the judge or panel that made the operative determination. If COA ECF No. 33 was ministerial clerk processing, the rule authorizing that action should be identified. If COA ECF No. 33 was a judicially authorized directive, the judge or panel authorizing that directive should be identified, and the directive should state the judicial reasoning supporting that characterization.

5. Leave should be granted because the notice is short, causes no prejudice to Appellees, and concerns ongoing delay affecting the alternative relief already requested in COA ECF No. 31. Denying leave would convert a

nonargumentative preservation notice into yet another procedural barrier without any fact-bound or law-grounded adjudication.

WHEREFORE, Appellant requests leave to file the Notice of Continuing Prejudicial Delay Relevant to COA ECF No. 31.

*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
May 19, 2026

**CERTIFICATE OF COMPLIANCE**

I certify that this motion complies with filing requirements. This motion was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

*/s/ Michael Miller*

**CERTIFICATE OF SERVICE**

I hereby certify that this day I caused to be served by e-filing a true and correct copy of the foregoing document to the following:

Sarah Hyser-Staub
PA I.D. No. 315989
100 Pine Street
Harrisburg, PA 17101
717-237-5473
sstaub@mcneeslaw.com

Respectfully submitted,
*/s/ Michael Miller*
MICHAEL MILLER
108 North Reading Road., Ste F, 246
Ephrata, Pennsylvania 17522
717-388-0163
reaganfive@protonmail.com
May 19, 2026